J. S. ANDERSON, Receiver, Appellant, v. D. R. KINLEY, Sheriff.

**Fraudulent Conveyance: Participation by Corporation.** Where a manager is practically the corporation and does business in its or in his own name interchangeably, as suits his convenience, in a fraudulent conveyance by him to the corporation, the latter has notice of the fraud. *Hummel v. Bank,* 75 Iowa, 690, *distinguished.* (3)

**Instruction, Construction of.** Where several fraudulent conveyances are charged, an instruction, that, "if any conveyance of said property or any part thereof" was made fraudulently, then, "said conveyances," were void, means that only such conveyances are void as were fraudulent, in whole or in part, and not that if any one of them was, all are. (2)

**Assignment of Errors.** The objection that an instruction was inapplicable to the issues must be assigned, to be considered on appeal. (1)

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

FRIDAY, MAY 11, 1894.

ACTION at law to recover the possession of specific personal property. There was a trial by jury, and a verdict and judgment for defendant. The plaintiff appeals.—*Affirmed.*

*N. W. McIvor* and *Jamison & Burr* for appellant.

*Rickel & Croker* for appellee.

ROBINSON, J.—The plaintiff is the receiver of the Union Investment Company, a corporation organized under the laws of this state. The petition alleges that the company is the unqualified owner of a miscellaneous collection of personal property, particularly described, which is held by the defendant, as sheriff of Linn county, by virtue of an execution issued on a judgment of the district court of that county, rendered in favor of Louis Fitzgerald, trustee, and against George W. Wilson. The answer denies the allegation of ownership, and avers that whatever conveyances of the property have been made to the company were so made or procured by Wilson with the intent, on his part, which was concurred in by the company, to hinder and defraud his creditors. The evidence shows that the property was taken by the defendant, as alleged in the petition, and that notice of ownership was served on him before this action was commenced. Judgment was rendered on the verdict in favor of the defendant for costs.

I. The sixth paragraph of the charge to the jury is as follows: "You are instructed that if you find from the evidence that, after the levy, if any such levy was made by the sheriff upon the legal blanks in controversy, the same were taken from the possession of the said sheriff, by the mortgagee thereof, upon a mortgage made by the owner thereof prior to the date of said levy, then, as to such property, you will find that the plaintiff can not, in any event, recover." The appellant contends that this was erroneous, for the reason that there was no evidence to justify it. We think the reason was not well founded. The evidence that the blanks were taken in the manner contemplated

in the paragraph set out was ample to justify a finding
of the jury that they were so taken. It is urged,
further, that the paragraph was not applicable to any
issue presented by the pleadings. It is sufficient to say
that the objection thus made is not presented by the
assignment of errors.

II. The seventh paragraph of the charge is as fol-
lows: "The defendant claims that whatever convey-
ances may have been made of said property, or any
part thereof, to said Union Investment Company, were
made, or procured to be made, by G. W. Wilson, and
were made with the intent upon the part of said Wilson
and said company to hinder, delay, cheat, and defraud
the creditors of said Wilson, and the same were without
consideration, except that paid, or procured to be paid,
by said Wilson. The burden of proof is upon defend-
ant to establish this defense by a preponderance of the
evidence; and upon the same you are instructed that if
you find from the evidence that any conveyance of said
property, or any part thereof, was made, or procured
to be made, by said Geo. W. Wilson to said Union
Investment Company with the intent upon the part of
said Wilson, and concurred in by the officers of said
company, to hinder, delay, cheat and defraud the
creditors of said Wilson, and that no consideration was
paid therefor, except that paid, or procured to be paid,
by said Wilson, then the said conveyances were fraud-
ulent and void, and plaintiff can not recover. If you
fail to so find, then you will find for plaintiff, so far as
this defense is concerned." The appellant objects to
this paragraph on the alleged ground that it, in effect,
instructed the jury that if any one of several convey-
ances to the company, made, or procured to be made,
by Wilson, was fraudulent, then all so made were
fraudulent. The entire paragraph, especially when
considered with other portions of the charge, could not
have been understood by the jury in the sense urged .

by appellant.    The "said conveyances" referred to in the latter part of the paragraph were those made, or procured to be made, by Wilson, with a fraudulent intent concurred in by the company, and we are satisfied from the entire record that the jury must have so understood the charge.

III.    Objection is also made to portions of the charge which instructed the jury that if Wilson caused conveyances of property to be made to the company for a fraudulent purpose, when he was its secretary and general business manager, they would be warranted in finding that the company knew of, and participated in, his fraudulent purpose.    It is true there are cases where the knowledge of an officer of a company can not be imputed to the company.    *Hummel v. Bank*, 75 Iowa, 690, 37 N. W. Rep. 954.    But we do not think that rule has any application in this case.    The facts are peculiar.    It is not practicable to set out the evidence which shows them, but it is sufficient to say that there does not seem to have been any very clear distinction between the affairs of Wilson and those of the company.    Business seems to have been done in the name of either one, as suited his convenience and purposes. No satisfactory account of the organization and business of the company is given, but Wilson appears to have owned or controlled a large part of the capital stock, if there was any, and he managed its affairs during the time in question, largely according to his own inclinations, and to advance his own interests; and we think that the company was properly held chargeable with the knowledge of the conveyances in question which he possessed.

IV.    Other questions are discussed by counsel, but they do not appear to be of sufficient importance to be mentioned at length.    We have considered all objections urged by appellant, but do not find any good reason for disturbing the judgment of the district court. It is, therefore, AFFIRMED.