[Sac. No. 302.   Department Two.—January 25, 1899.]

ROBERT BALFOUR, Respondent, v. FRESNO CANAL & IRRIGATION COMPANY, Appellant.

CONTRACT—AMBIGUOUS TERMS—EVIDENCE—CONVERSATIONS WITH PRESIDENT OF CORPORATION—RATIFICATION OF CONTRACT.—The interpretation of a contract entered into between the plaintiff and the defendant corporation by its president, which is susceptible of two different constructions, may be aided by evidence of conversations had between plaintiff and such president, showing how the contract was understood between them. The ratification of the contract by the corporation does not preclude the admission of such evidence; but it conclusively proves the authority of the president to bind the corporation by his negotiations.

ID.—ESTOPPEL OF CORPORATION—ACCEPTANCE OF CONTRACT CUM ONERE.— The corporation, by accepting the contract, took it *cum onere*, and cannot insist upon its contract rights, and repudiate the representations of its president, which constituted the inducement to plaintiff to make the contract.

ID.—RATIFICATION—KNOWLEDGE OF FACTS BY PRINCIPAL—APPLICABILITY OF RULE.—The rule that a principal will not be held to a ratification unless he acts with full knowledge of the facts, has no application where the principal insists upon the contract.

ID.—NOTICE TO CORPORATION—KNOWLEDGE OF PRESIDENT—PRESUMPTION. A corporation must be presumed to have full notice of all the facts which are known to its president affecting its interests. It is his duty as the head of the corporation to report the same to the trustees, and it is usually conclusively presumed that he has done so.

ID.—CONTRACT TO PAY FOR USE OF WATER—INTERPRETATION—EVIDENCE.— The most natural interpretation of a contract to pay a rental for the use of water, after it is brought upon the land of plaintiff by a ditch to be constructed by him, is that the rental is to begin when the water is brought upon the land by the ditch of the plaintiff, as provided for in the contract. But where the contract leaves it doubtful whether plaintiff was required to construct the ditch at once, evidence is admissible to show that the parties understood that the water was not to be paid for until it was actually used by the plaintiff. Such evidence does not tend to modify the contract, but only to ascertain its meaning.

ID.—SECOND APPEAL—LAW OF CASE.—The decision of this court upon a first appeal becomes the law of the case, and is controlling upon a second appeal.

APPEAL from a judgment of the Superior Court of Fresno

County, and from an order denying a new trial. E. W. Risley, Judge.

The facts are stated in the opinion of the court in this case, and more fully upon the former appeal, reported in 109 Cal. 221.

Frank H. Short, for Appellant.

L. L. Cory, for Respondent.

TEMPLE, J.—This appeal is from a judgment and from an order refusing a new trial. It is the second appeal in the case. The first was taken by the plaintiff and will be found reported in *Balfour v. Fresno Canal Co.*, 109 Cal. 221, where a more detailed statement of the facts can be found than is deemed important here. The language of the contract is there stated, and it was determined that such language was fairly susceptible of two constructions, without doing violence to its usual and ordinary import on any established rule of construction, and that, therefore, there was an ambiguity to explain which it was competent to show the surrounding circumstances and how the parties understood its terms as manifested by their declarations during the negotiations which preceded the execution of the contract.

The only ruling discussed in the opinion relates to the exclusion of the conversations between the president of the defendant corporation and the plaintiff. The court held that the trial court erred in striking out the evidence on motion of the defendant, and for such error the judgment was reversed and the cause remanded for a new trial.

Upon the new trial, the same evidence was offered and received, but the objections made were not precisely the same. On the first trial, the objection was that the evidence was incompetent and could not be received to contradict, add to, or vary the terms of the written contract. On the last trial, the objection was added that no one present had authority to represent the corporation. It is admitted that the corporation ratified the contract made, but it is contended that the power was vested entirely in the directors and all that they ratified

was the written contract, and they cannot be held to any other construction than that which would be given the language unaided by those unauthorized conversations.  The corporation accepted the contract as written, and can be bound only by its terms.  It knew of no conversations which might give a different effect to the contract than the obvious purport of its language.

This proposition cannot be maintained.  When the corporation ratified and adopted the contract made for it by its president, it took it *cum onere.*  The ratification itself affords conclusive proof that the president had authority to negotiate such contracts for the corporation.  If no previous authorization existed, the ratification is the equivalent of a previous authorization.  If the corporation ratified without adequate knowledge of the facts, or if unauthorized representations were made without the knowledge of the principal, it might under some circumstances refuse to be bound by the contract and seek a rescission, but it cannot insist upon its contract rights and repudiate the authorized representations of the agent, which, to some extent, constituted the inducement to make the contract on the part of the other party. (*Gribble v. Columbus etc. Co.,* 100 Cal. 71; *Mundorff v. Wickersham,* 63 Pa. St. 87; 3 Am. Rep. 531; *Bennett v. Judson,* 21 N. Y. 238.)  In these cases numerous authorities are cited to the same effect.

The rule that the principal will not be held to a ratification unless he act with full knowledge of all the facts has no application here, for the principal is insisting upon the contract.

But, if full knowledge was necessary, it must be presumed that the corporation had full notice of all the facts which were known to its president.  The president of a corporation is a proper person to whom notice, which is to affect a corporation, is to be given.  The corporation has no eyes, ears, or understanding save through its agents.  The president is considered the head of the corporation, and it is his duty to report to the trustees information affecting the interests of the corporation.  And the presumption is that he does so.  Usually this is a conclusive presumption.  (Thompson on Corporations, sec. 5228.)

Appellant's counsel seems to appreciate the force of this rule, but contends that it ought not to be applied to this case.

"It would destroy all safeguards and all protection to corporate property, at least to the extent wherein the power of making, authorizing, or ratifying contracts is reserved to the board of directors." Corporate property is no more sacred than any other property, and corporations can only be reached through their agents; it behooves them to be especially careful in regard to the conduct of their agents. In no other way can knowledge be conveyed to the fictitious entity, or negotiations be had with it. It is not usual for parties dealing with a corporation to be brought before the directors to negotiate their contracts. Instead of seeing any reason for excepting this case from the rule, it seems to be exactly the case in which justice requires its application. If the contract were made with an individual, it would be construed in the light of the oral declarations. It would be an injustice to allow a more favorable rule to a corporation. Having had the benefit of the inducement, without which the contract would not have been made, it cannot retain the contract and escape the construction which the court would give the contract in the light of the representations made by its agent.

Counsel in his zeal forgets his case. There is no attempt to destroy the contract, or to enforce one it has not made. On the contrary, the design is to enforce the contract exactly as it is written. We are trying to find out what the contract as written means, not to modify it and make another.

This court on the former appeal said that the construction contended for by plaintiff was reasonable; that it violated no rule of construction; that without the evidence offered the contract is ambiguous.

I do not admit, nor do I think it can fairly be said to have been admitted on the former appeal, that without the testimony in question the contract should be construed in favor of appellant. The basis of the former decision is, that it is a matter of doubt. The payments are to be made after the water is brought upon the land. The corporation was not required to bring the water even to the land, much less was it required or even authorized to bring it upon the land. The contract expressly provided that plaintiff might do so. It says: "The party of the second part will construct a ditch," et cetera. The first

payment was to be made "on the first Monday in September, after the water has been brought upon said land." I think the most natural interpretation of this language is that it refers to the bringing of the water upon the land as expressly provided in the contract.

As I read the case this is not contrary to the decision in *Fresno Canal Co. v. Dunbar*, 80 Cal. 530. It was there held that as soon as the water company had brought the water and constructed its gate it had fully performed its contract. There the contract was that the landowner shall pay after the water has been brought to the land; the language differs much from that in the contract involved here. The real question here is, Was the landowner required by his contract to construct his distributing ditches at once? If so, he should not be allowed to defeat the claim of the water company for payment by refusing to perform that part of his contract. As to this the contract is silent, or of doubtful import.

We need not follow the argument as to the construction of the contract in view of the evidence. Counsel's real contention is, that the contract is not ambiguous and the oral declarations contradict its terms, and that all propositions and counter propositions during the negotiations were merged in the written contract subsequently entered into. These were all important and weighty considerations upon the former appeal, but one not of interest upon this appeal. The former conclusion has become the law of the case.

The judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.