[Civ. No. 2160.   Second Appellate District, Division Two.—October 4, 1919.]

# E. F. SWARTZ, Respondent, v. E. BURR et al., Appellants.

[1] CORPORATIONS—CONTRACT MADE BY OFFICIAL—ADMISSIBILITY OF PAROL EVIDENCE TO HOLD CORPORATION.—Parol evidence may be invoked to hold a corporation upon a contract entered into by its president or manager in his own name, if it was intended for and inured to the benefit of the corporation and there is anything on the face of the instrument suggesting that it was made for an undisclosed principal.

[2] ID.—ONE MAN CORPORATIONS — MANNER OF EXECUTING CONTRACTS IMMATERIAL.—The law is not scrupulously particular in discriminating between the contracts of one who owns practically all the stock of a corporation and controls its affairs, as to whether he executes a contract relating to the corporate business in his individual or in the corporate capacity.

[3] ID.—EXECUTION OF CONTRACT BY CORPORATE OFFICIAL—EFFECT ON CORPORATION—KNOWLEDGE OF FACTS—ACTION TO ENFORCE—EVIDENCE—INFERENCE.—In this action against a corporation and its president and general manager to recover a given sum of money and to cancel a certain promissory note, in pursuance of the terms of a written agreement entered into between the plaintiff and such president and general manager, it may reasonably be inferred from the evidence that both parties entered into the contract on the understanding that such president and general manager was the voice of the corporation and that whatever he agreed to would bind the corporation; and it may also be found, as a legal inference from the relations of such president and general manager to the corporation, as shown by the evidence, that the latter is presumed to know of the execution of the contract, and its terms, and that it was the recipient of the consideration.

[4] ID.—EXECUTORY CONTRACT—SALE UPON CONDITION PRECEDENT—RIGHT OF ELECTION BY PLAINTIFF—LIABILITY OF CORPORATION.—Where the contract between the plaintiff and such president and general manager with reference to the sale of stock in the defendant corporation was executory, its consummation dependent on the condition precedent that at the expiration of one year plaintiff elect to retain the stock, the corporation, which received the money and the note given in payment with knowledge of the contract, held them subject to the exercise of plaintiff's option, and was bound to repay the money and surrender the note for cancellation upon the plaintiff's decision not to retain the stock. It could not accept the benefits and repudiate the obligations.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. G. Tyrrell, A. L. Abrahams and Chas. W. Fricke for Appellants.

John E. Daly and James H. Daly for Respondent.

SLOANE, J.—The plaintiff brought this action to recover three thousand dollars, and cancel a promissory note for two thousand dollars, in pursuance of the terms of an agreement in writing as follows:

"Los Angeles, Cal., Oct. 8th, 1913.

"This agreement entered into this 8th day of October, 1913, by and between E. F. Swartz, party of the first part of Fresno, Cal., and E. Burr, party of the second part of Los Angeles, California. Witnesseth, that in consideration of the first party paying second party the sum of three thousand ($3,000.00), receipt of which is hereby acknowledged and note for two thousand dollars ($2,000.00), due on or before 15 months from date hereof, second party agrees and does hereby deliver to first party fifty shares of the capital stock of the Burr Creamery Co. to be held for a period of one year by first party. If at the expiration of that time first party desires to sell said stock he agrees to sell only to second party who agrees to pay first party for same the sum of $5,000.00 with interest at 8% per annum. In the event first party is satisfied to remain a stockholder after a period of one year then he will participate in any and all dividends, improvements and increased assets of the corporation, share and share alike with other stockholders.

"E. F. SWARTZ.
"E. BURR."

It is alleged in the complaint, and the court on the trial found, that, although this agreement was executed in the name of the defendant E. Burr, and ostensibly as his personal obligation, it was made for and as the contract of the defendant Burr Creamery Company, a corporation, of which E. Burr was the president and general manager. Judgment was against the corporation.

[1] It has become a well-settled rule of evidence, under the decisions in this state, at least, that parol evidence may be invoked to hold a corporation upon a contract entered into by its president or manager in his own name, if it was intended for, and inured to the benefit of, the corporation, and there is anything on the face of the instrument suggesting that it was made for an undisclosed principal. (*West* v. *Prather & Co.*, 7 Cal. App. 81, [93 Pac. 892]; *Blood* v. *La Serena L. & W. Co.*, 113 Cal. 221, [41 Pac. 1017, 45 Pac. 272]; *Southern Pac. Co.* v. *Von Schmidt Dredge Co.*, 118 Cal. 368, [50 Pac. 650]; *Escondido Oil etc. Co.* v. *Glaser*, 144 Cal. 494, [77 Pac. 1040]; *Pacfiic Improvement Co.* v. *Jones*, 164 Cal. 260, [128 Pac. 404].) In *Southern Pac. Co.* v. *Von Schmidt Dredge Co.*, *supra*, the court says: "Thus the rule is well settled that where the reading of a simple contract, however inartificially it may be drawn, discloses that it is executed for or on behalf of a principal, or even leaves the matter one of doubt, parol evidence may be employed to determine whose contract it is, and this even in cases where the instrument is sufficiently clear in its terms to bind the agent." The opinion further adopts with approval the following quotation, italicized as here shown, from Abbott's Trial Evidence: "If upon the face of the instrument there are indications suggestive of agency, such as the addition of words of office or agency to the signature, or the imprint of the corporate title on the paper, parol evidence is competent to show whom the parties intended should be bound or benefited. And even where the contract *bears no such suggestion* on its face, the rule as now generally received is, that parol evidence is competent, either in favor of or against the corporation." The same citation from Abbott's Trial Evidence is approved in *Bean* v. *Pioneer Mining Co.*, 66 Cal. 451, [56 Am. Rep. 106, 6 Pac. 86].

The reference in the foregoing contract to the Burr Creamery Company as a possible party in interest is obscure at best. But it does appear that the stock involved is that of the Burr Creamery Company, that the delivery of the stock is something less than an executed transfer, and is to be held only for a year at the option of the purchaser, and that the right to participate in the dividends, improvements, and assets of the corporation, by virtue of said stock, is to be postponed until the purchaser has made his election to retain it. At

any rate, the trial court did admit parol evidence to explain the contents and execution of this instrument, to which no exception seems to have been taken; and the main question appears to be whether the evidence is sufficient to sustain the findings of the court that "E. Burr did not in any of the matters upon which this action is based act in an individual capacity, nor otherwise, except for and on behalf of the defendant corporation," and "that said agreement was authorized and ratified by said corporation, and it received and accepted and used for its corporate purpose all the benefits of said agreement." That the transaction was wholly for the benefit of the corporation is not disputed. The stock bargained for was the unissued stock of the company. The three thousand dollar payment was to the order of the corporation, and was used for its benefit, and the note for two thousand dollars was executed to the corporation, as payee, and the reservation of dividends and profits during the year in which the option was to be exercised inured to the corporation.

That the plaintiff did not enter into this agreement with Burr in his individual capacity is not so clear. Nominally the transaction was with Burr personally. The only theory on which it can be held that the minds of the parties met on an obligation intended to bind the corporation is that Burr considered himself, in the negotiations, and was considered by plaintiff, as being the personification of the corporation. If the evidence had disclosed that this was a "one man corporation," and that Burr was the only person beneficially interested in it to any material extent, there would be no difficulty in maintaining this theory. [2] The law is not scrupulously particular in discriminating between the contracts of one who practically owns all the stock of a corporation and controls its affairs, as to whether he executes a contract relating to the corporate business in his individual or in the corporate capacity. While such is not the situation here, so far as shown by the evidence, it does fairly appear that the defendant, E. Burr, not only was the president and manager of this company, but that he ran its affairs largely in his own discretion. The vice-president of the company, who was a party to the negotiation of this agreement, represented to plaintiff that "Burr is the corporation." The fact that his name identifies the corporation, and that he is

the only member or officer of the corporation connected, so far as the record discloses, with the defense of this action, tends to confirm such a conclusion.

[3] It may reasonably be inferred from the evidence that both Burr and the plaintiff entered into this contract on the understanding that Burr's voice was the voice of the corporation, and that whatever he agreed to would bind the corporation. It may also be found, as a legal inference from Burr's relation to this company, that the corporation is presumed to know of the execution of this contract, and its terms, and that it was the recipient of the consideration. (*Goodwin* v. *Central Broadway Bldg. Co.,* 21 Cal. App. 376, [131 Pac. 896]; *Balfour* v. *Fresno Canal Co.,* 123 Cal. 397, [55 Pac. 1062]; *Montecito Valley Co.* v. *Santa Barbara,* 144 Cal. 597, [77 Pac. 1113]; *Anderson* v. *Kinley,* 90 Iowa, 554, [58 N. W. 909].)

This brings us to a consideration of the question as to whether there is anything in the terms of the agreement to put the corporation on inquiry as to its liability thereon, or to estop it from repudiating the agreement and retaining the consideration. The corporation had notice that this was a contract for the transfer of a block of its unissued capital stock; that it had received the three thousand dollars cash payment, and that the note was made payable to it, in its corporate name; that while E. Burr is named as the "second party" to this agreement, and signs it in his individual name, the contract recites that this three thousand dollars which was paid the corporation was paid to the "second party" to the contract, and that the note which names the corporation as the payee was executed to the "second party." The corporation further knew that Burr was its president and manager, and had been intrusted by it with a large measure of discretionary control of its affairs.

Furthermore, it is indicated on the face of this contract that the sale of stock is in a sense not a completed, but an executory or conditional sale. It recites that "said second party does hereby deliver to first party fifty shares of the capital stock of the Burr Creamery Co. to be held for a period of one year by first party," with the condition that the second party may terminate the purchase at his option and receive his money back. And there is the further implied agreement that the corporation may retain all dividends and

profits of the shares of stock until the election of the party of the first part to retain the stock. All of these conditions tend to identify the corporation as the party in interest designated as the "second party." If this appeared on the face of the agreement to be a completely executed sale of the shares of stock, and the consideration paid, with the only condition a condition subsequent—that if after a year the purchaser was dissatisfied E. Burr would repurchase the shares from him—doubtless the only remedy of the plaintiff would be on such new and independent contract to repurchase. [4] But if the agreement for the sale of the stock to plaintiff can be considered executory, and its consummation dependent on the condition precedent that at the expiration of one year plaintiff elects to retain it, then the corporation which has received the money and the note, with knowledge of the contract, holds them subject to the exercise of plaintiff's option, and must repay the money, and cannot collect the note, but must surrender it for cancellation in the event plaintiff decides not to retain the stock. It cannot accept the benefits and repudiate the obligations. (*Pauly* v. *Pauly,* 107 Cal. 8, [48 Am. St. Rep. 98, 40 Pac. 29].) Such seems to have been the view taken by the trial court under the evidence. We will not disturb its findings. The contract not being an executed contract of sale, but merely one whereby plaintiff, in effect, was given the optional right either to purchase at the end of the year or to receive back that which the corporation had received from him through Burr, the case is in no wise analogous to those cases wherein the purchaser and owner of stock seeks to enforce a contract of resale by attempting to compel "B" to purchase the stock under a contract that was made with and in the name of "A."

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.