## Burge Machine Works, Appellee, v. Mandarin Inn, Appellant.

## Gen. No. 27,171.

1. CONTRACTS—*verdict not contrary to weight of evidence nor unresponsive to theory of case.* A verdict of $2,750 awarded to a plaintiff, in an action against a corporation based upon an agreement to install a refrigerating plant for the defendant, it appearing that the plaintiff claimed a balance of something over $3,200, is not against the manifest weight of the evidence nor unresponsive to the theories of the case, when the evidence showed a proposal to do the work, acceptance by the president of the corporation, payments on the contract, and where the defenses were that the work was not accepted by the corporation and a recoupment for expense in operation of the plant, which was recognized by the jury in reducing the amount awarded, there being evidence of acceptance of the work and ratification by the corporation.

2. CONTRACTS—*admissibility of parol evidence to show contract that of principal or agent.* Parol evidence is admissible to show the intention when it is doubtful whether a contract was intended to bind the principal corporation, or its agent.

3. CORPORATIONS—*ratification of officer's contract by part performance and acceptance of benefit.* Ratification of a contract for the installation of a refrigerating plant by a corporation is shown, even though the proposal is accepted by the president individually, when it appears that the completed plant was accepted by the corporation and used, when three partial payments on account of the purchase price were made in the name of the corporation, the contract being for its benefit, when ownership of the plant after installation was recognized by correspondence and otherwise, and where there was nothing to indicate that the president was contracting for the plant as an individual.

4. SALES—*waiver of objection for default in time performance.* The fact that a seller of a refrigerating plant may have been in default in failing to install the plant within the time specified in the contract will not authorize the purchaser to refuse payment, it appearing that such purchaser voluntarily accepted delivery of the plant and performance of the contract.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed May 23, 1922.

Rehearing denied June 6, 1922.    Certiorari denied by Supreme Court (making opinion final).

McGoorty, Silber, Isaacs & Woley, for appellant; Fred D. Silber, of counsel.

Alden, Latham & Young, for appellee.

Mr. Justice Morrill delivered the opinion of the court.

This is an appeal from a judgment for $2,750 rendered by the superior court of Cook county in favor of appellee, who was plaintiff in the court below. A reversal is sought on the ground of alleged errors of the trial court in its rulings upon questions of evidence and in giving and refusing instructions. It is contended by appellant that the judgment is contrary to the law and the evidence.

The action is based upon an agreement between the parties whereby plaintiff undertook to install in the premises at 428 South Wabash avenue a certain refrigerating plant to be used by defendant in connection with its business of conducting a restaurant on said premises. The contract was in the form of a written proposal from plaintiff to defendant, which was accepted in writing July 5, 1918, by one Chin F. Foin, who was the president of defendant corporation and the owner of 98 per cent of its capital stock.

The contract provided for the installation by plaintiff of certain machinery and devices of a specific type and capacity, including foundations, gauges, electrical connections and insulations, and required delivery in complete running order about October 1, 1918, unless delayed by strikes, accidents, delays of carriers or some other delay occurring without the fault of plaintiff or from causes not under its control. There was a further provision for furnishing duplicates of any parts which developed latent defects within five years

and giving defendant the benefit of plaintiff's service department for that period. It also provided that the contract should not become operative until approved by an executive officer of appellee at its main office. The proposal was accepted by said Chin F. Foin, who signed his individual name thereto under the word ''Accepted,'' without using any words descriptive of himself or indicating the capacity in which he was acting. The acceptance was not signed in defendant's corporate name. Three payments were made by defendant on account for $500 each, of which amount $248.03 was applied by plaintiff. in payment for materials sold to defendant, and the balance of $1,251.97 was credited on the purchase price. The main questions presented by the pleadings are whether such acceptance was binding on appellant and whether it subsequently ratified the contract.

Before the written contract was offered in evidence plaintiff submitted parol proof for the purpose of showing that Foin signed the contract with the intention of binding the Mandarin Inn; that he owned 98 per cent of the capital stock of the Mandarin Inn, one of the remaining two shares outstanding being owned by Foin's wife and the other by one of defendant's employees; that the corporation had received the benefit of the contract, made payments on account and otherwise ratified Foin's act in signing the contract. The question of the admissibility of parol testimony to determine whether or not the instrument was the written contract of Foin personally or of the Mandarin Inn was argued before the trial judge before any evidence was introduced by plaintiff. The court held that there was sufficient uncertainty and ambiguity on the face of the written document to entitle plaintiff to introduce parol proof to show who was intended to be bound thereby. The court admitted the contract over defendant's objections and appellant

contends that this ruling of the trial court was erroneous.

The evidence shows that all of the negotiations which culminated in the making of the proposal by plaintiff to the Mandarin Inn were conducted on behalf of defendant by Chin F. Foin. At the time Foin accepted the proposal, July 5, 1918, he gave a check for $500 to plaintiff, which was signed by the Mandarin Inn by Foin as its president. Two additional payments of $500 were made to plaintiff by checks signed by the Mandarin Inn by Chin F. Foin as its president. The evidence further shows that Foin never personally conducted any restaurant either at 414 South Wabash avenue or at 428 South Wabash avenue, where the refrigerating plant was installed, and apparently never had any intention of so doing. The Mandarin Inn rented the premises at 428 South Wabash avenue for the purpose of removing its restaurant business to that location and commenced its occupancy of these premises April 15, 1919. Numerous letters are shown in the record written by or on behalf of defendant indicating that defendant corporation was the party interested in the fulfillment of the agreement and calling upon plaintiff to do various things in connection with the refrigerating plant. There was considerable evidence offered in support of defendant's plea of recoupment tending to show that defendant had incurred expenses in and about the operation of the plant as claimed by it. The verdict of the jury indicates that some consideration was shown to defendant on account of this claim by a reduction in the amount claimed of approximately $450. The balance which plaintiff claimed to be due from defendant, including interest, aggregated something over $3,200 and the verdict of the jury was for $2,750. It does not appear that the action of the jury in assessing plaintiff's damages at this amount was contrary to the manifest weight of the evidence or unresponsive

to any theory of the case, as contended by appellant.

The real defense to the suit is based upon the fact that the proposal was accepted by Foin individually without any descriptive words in connection with his signature indicating that he was acting in a representative capacity on behalf of the corporation and that the acceptance was not executed in the corporate name of defendant. It is contended that parol evidence was not admissible to show who was intended to be bound by a contract which on its face was not ambiguous or uncertain. Numerous authorities were cited which it is claimed sustain defendant's contention in that respect. We have examined these authorities but cannot undertake to review them in detail. We find that they not only do not sustain appellant's contention, but in many instances support the contrary view. Several of them do not involve the issue presented by the case at bar, and are predicated upon facts which are not analogous to those herein involved.

It was held in an early case in this State, which is cited by both parties, that when it is doubtful whether the contract was intended to bind the principal or the agent, extrinsic evidence may be received to ascertain the intention. *Ohio & M. R. Co. v. Middleton,* 20 Ill. 629. In that case the railroad company was held liable on a contract signed by an individual in his own name without the use of the name of the corporation which he represented. We do not find any departure from this rule in the subsequent cases cited by appellant. Parol testimony is admissible to establish the facts which will determine the liability imposed by the contract and ascertain whose obligation it is. Much of the apparent conflict in the decisions seems to be due to an effort on the part of the courts to carry into effect the supposed intention of the parties in executing the instrument in question. *Scanlan v. Keith,* 102 Ill. 634; *Reed v. Fleming,* 209 Ill. 390;

*McNeil v. Shober & Carqueville Lithographing Co.,* 144 Ill. 238. No error was committed by the trial court in receiving evidence to determine who was intended to be bound by the contract. *Barker v. Garvey,* 83 Ill. 184; *Byington v. Simpson,* 134 Mass. 169.

It is undisputed that the refrigerating plant in question was installed by plaintiff and was accepted and used by defendant, who made three partial payments on account of the purchase price. Appellant contends that there was no ratification of the contract by defendant and cites the case of *Merritt v. City of Kewanee,* 175 Ill. 537, which discusses the law upon the subject. We find nothing in this decision which precludes a ratification by defendant under the facts and circumstances involved in the case at bar. The contract in question was undoubtedly for the benefit of the corporation, and its obligation to pay for the refrigerating plant was recognized by the checks which it gave in part payment for the same, all of which were the checks of the corporation signed in its corporate name. Defendant had repeatedly recognized by correspondence and otherwise its ownership of the apparatus installed by plaintiff. There is nothing about the circumstances of the case from which the reasonable inference can be drawn that Foin was contracting for the apparatus as an individual or expected or intended to make any personal use of the refrigerating plant. As was said by the court in *Swartz v. Burr,* 43 Cal. App. 442, 185 Pac. 411, the law is not scrupulously particular in discriminating between the contracts of one who practically owns all the stock of a corporation and controls its affairs as to whether he executes a contract relating to the corporate business in his individual or in a corporate capacity. In that case a corporation was held liable upon a contract which had been signed in his individual name by the president and manager of the corporation and who had been intrusted by it with a large

364        APPELLATE COURTS OF ILLINOIS.

measure of discretionary control of its affairs. Even though plaintiff may have been in default in failing to install the refrigerating plant within the time originally specified by the contract, a conclusion which is by no means warranted from the evidence, defendant voluntarily accepted delivery of the plant and the performance of the contract by plaintiff. Under such circumstances he cannot refuse to pay for the delivery and performance actually made. *Harber Bros. Co. v. Moffat Cycle Co.*, 151 Ill. 84.

The judgment was fully sustained by the evidence and we find no reversible error in the instructions.

The judgment of the superior court is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.