[Civ. No. 13360. Second Dist., Div. Two. Apr. 17, 1942.]

WALTER GEORGE, Respondent, v. CITY OF LOS AN-GELES (a Municipal Corporation), Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Leonard Husar and Bourke Jones, Deputies City Attorney, for Appellant.

Bradner & Weil and Jerold E. Weil for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages received in an automobile accident alleged to have been caused by the defective condition of a street of defendant municipality, defendant city of Los Angeles appeals.

The essential facts are:

Plaintiff filed an original complaint charging defendant city of Los Angeles and defendant Los Angeles Gas and Electric Corporation with negligence. Thereafter the trial court sustained demurrers of both defendants to the original complaint. Plaintiff thereupon filed an amended complaint as to defendant city, to which a general demurrer was sustained. Subsequently plaintiff appealed from the judgment entered upon the sustaining of the demurrer of defendant municipality to plaintiff's amended complaint.

Our Supreme Court in *George* v. *City of Los Angeles,* 11 Cal. (2d) 303 [79 P. (2d) 723], held that the facts alleged in the pleadings just mentioned were sufficient to constitute a cause of action against defendants, and reversed the judgment of the superior court.

Plaintiff then filed an amended complaint which embraced the allegations of the original complaint and of the amended complaint. This latter pleading is the one upon which the present trial was had and the allegations therein are substantially those set forth in *George* v. *City of Los Angeles, supra,* 305.

Appealing defendant urges six propositions for reversal of the judgment. These will be stated and discussed hereunder seriatim.

■ ■ *First: The evidence failed to disclose that:*

*(a) A dangerous or defective condition existed on the street on which plaintiff was traveling;*

*(b) Appealing defendant had notice of any dangerous character of the existing physical condition of the street; and*

*(c) The condition of the street or catch basin therein was the proximate cause of the accident.*

This proposition is untenable. There was received substantial evidence in the present case to support the jury's implied finding that substantially all of the facts existed which were alleged in the complaint as amended. This pleading alleged substantially the same facts as were before the Supreme Court on the former appeal. (See *George* v. *City of Los Angeles, supra,* 305.) In the opinion just mentioned our Supreme Court held that such facts were sufficient if proven

to constitute a cause of action against defendant. Therefore, under the doctrine frequently denominated as "the law of the case," we are foreclosed from considering the foregoing proposition now urged by appealing defendant.

The doctrine of "the law of the case" is this: Where, upon an appeal an appellate court in deciding the appeal states in its opinion a principle or rule of law necessary to the decision, such principle or rule becomes the law of the case and will be adhered to throughout its subsequent progress, both in the lower court and upon a subsequent appeal, and this, although in a later appeal of the case the appellate court may be of the opinion that the former decision was erroneous. (*Tally* v. *Ganahl,* 151 Cal. 418, 421 [90 Pac. 1049]; *Balfour* v. *Fresno Canal etc. Co.,* 123 Cal. 395, 399 [55 Pac. 1062].)

▮ *Second: The appealing defendant had no knowledge of the defective or dangerous character or dangerous or defective condition existing in the street.*

This proposition is likewise untenable. It is conceded by the appealing defendant that the alleged defective condition was created and accepted by it in February, 1932. The present accident occurred April 11, 1936. Therefore, under the established rule that it is a question of fact for the trial jury to determine whether the dangerous condition in a public street has existed for a sufficient length of time to constitute constructive notice and also whether a reasonable time to remedy the condition has existed, we are bound by the finding of the jury that the defendant municipality had knowledge of the dangerous and defective condition which existed in the public street. (See *Wise* v. *City of Los Angeles,* 9 Cal. App. (2d) 364, 366 [49 P. (2d) 1122, 50 P. (2d) 1079]; *Cressey* v. *City of Los Angeles,* 10 Cal. App. (2d) 745, 747 [53 P. (2d) 172].)

*Third: The trial court committed prejudicial error in permitting a witness to testify that (a) on two previous occasions he had seen automobiles run up on the curb at approximately the place where the accident in the instant case occurred, and (b) in a third case he saw an automobile upon the sidewalk at approximately the same place.*

This proposition is also without merit.

▮ (a) The rule is established that in cases of accident due to the alleged dangerous condition of premises it is proper to receive evidence of earlier accidents occurring at the same place as tending to prove the condition to have been a dangerous one and that the accident in question may have resulted

from such condition. As a basis for such testimony it should be shown that the physical condition of the premises was substantially the same at the time of each accident and that the circumstances and conditions under which the several accidents occurred were similar. (*Wilkerson* v. *City of El Monte,* 17 Cal. App. (2d) 615, 618 [62 P. (2d) 790].) However, it is not necessary that it be shown that the several accidents occurred under circumstances precisely the same. (*Magnuson* v. *City of Stockton,* 116 Cal. App. 532, 535 [3 P. (2d) 30].) In the present case there was evidence from which it might be inferred that the first two accidents relative to which the witness testified, for all substantial purposes took place under conditions similar to the accident in question.

■ (b) Appealing defendant moved to strike out the testimony of the witness relative to the third accident but before the judge ruled upon the motion counsel for the appealing defendant withdrew the same. By so doing he waived any error in the admission of the testimony, the law being established that, where counsel moves to strike out testimony to which he has previously objected and before the ruling on the motion to strike withdraws the motion, he thereby waives any objection he has made to the admissibility of the testimony. (*D'Avanzo* v. *Manno,* 16 Cal. App. (2d) 346, 348 [60 P. (2d) 524]; *Driscoll* v. *California St. Cable R. Co.,* 80 Cal. App. 208, 221 [250 Pac. 1062]; *Bronge* v. *Mowat & Co.,* 29 Cal. App. 388, 402 [155 Pac. 827].) In view of our conclusions relative to the admissibility of the foregoing testimony it was not error for the trial judge to instruct the jury as follows:

"Evidence has been admitted as to other accidents prior to the accident involved in this case. This evidence may be considered by you, together with other evidence in the case, in determining the following:

"Whether or not the condition of Allesandro street at the time and at the scene of the accident involved in this case was or was not dangerous;

"What caused the accident involved in this case and in what manner the accident involved in this case occurred;

"Whether or not the defendant city knew or should have known of the dangerous condition, if you find there was such condition."

■ *Fourth: It was prejudicial error for the trial court to sustain objections to the following questions asked an assistant engineer of defendant municipality:*

*(a)* "*Q. By* Mr. Husar: *Now, Mr. Swan, have you examined the profiles, the plans and design and have you made a further examination of plaintiff's map up here on the board, plaintiff's exhibit number one with reference to the physical condition of Allesandro Street at and near the intersection of Rosebud Avenue, from about a hundred feet southerly of that intersection of Allesandro Street and Rosebud Avenue to a point approximately one hundred and fifty feet north of said intersection?*

"*A. Yes, I have.*

"*Q. Now having both that and the physical facts in mind, can you state whether or not such design and construction, and the physical conditions of Allesandro Street and as described in the previous question in said locality, on the night of April 10th and in the early morning of April 11th, 1936, as it existed on the late night of April 10th and early morning of April 11th, of 1936, were in accordance with and in compliance with good engineering practise and standards in this community?*

"*A. They were.*

"Mr. Weil: *I move the answer be stricken out for the purpose of an objection.*

"The Court: *You may make your objection and it may be deemed to precede the answer.*

"Mr. Weil: *We make the objection on the ground that it is incompetent, irrelevant and immaterial and whether it is in accordance with good engineering plans or not, is not a matter that is within the issues of this case and we object to it on all of those grounds.*

"The Court: *The objection will be sustained and the answer may go out, and the Jury will disregard it.*"

*(b)* "*Q. By* Mr. Husar: *Now, Mr. Swan, having the physical facts in mind, did the contours of such intersecting streets, namely Rosebud Avenue and Allesandro Street, so constructed, conform to the customary standards of design and construction for the disposal of surface waters on streets —may I add to that—I think it is proper to add to that— customary standards of design and construction in this community—for the disposal of surface waters on the streets?*

"Mr. Weil: *Now to which, your Honor, we object on the ground that it is incompetent, irrelevant and immaterial and not within the issues of this case.*

"Mr. Husar: *As authority for that, your Honor, I cite*

*to your Honor the case of* Wilkerson *vs. The City of El Monte.*
"MR. WEIL: *Well, if the Court please—*
"THE COURT: *The objection will be sustained."*
(c) *"Q. By* MR. HUSAR: *Now, Mr. Swan, in designing the construction of the catch basin—I will withdraw that and put it this way. In designing and constructing a catch basin in a street with a grade like that in Allesandro Street, with a five per cent grade, how are they constructed with reference to the street surface?*

. . . . . . . .

"THE COURT: *The objection will be sustained to that question."*

In view of the decisions in *Long* v. *John Breuner Co.,* 36 Cal. App. 630, 636 [172 Pac. 1132]; *Martin* v. *Angel City Baseball Assn.,* 3 Cal. App. (2d) 586, 589 [40 P. (2d) 287], and *McStay* v. *Citizens National Trust & Savings Bank,* 5 Cal. App. (2d) 595, 601 [43 P. (2d) 560], it was error to sustain objections to the foregoing questions. However, from an examination of the record we are of the opinion that the error was not prejudicial to defendant municipality and that therefore we must disregard it, pursuant to the mandate of article VI, section 4½ of the Constitution of the State of California.

*Fifth: The trial court committed prejudicial error in instructing the jury as follows:*

(a) *"If you find that at the time of the accident involved in this case that Allesandro Street, at the scene of the accident, was in a dangerous condition, as that term is defined to you hereinafter, and, if you find that the defendant city had knowledge or notice of the dangerous condition (if you find such condition existed) for such length of time prior to said accident as to give the defendant city a reasonable time after acquiring such knowledge or notice, and prior to said accident, to remedy such condition or to take such action as might be reasonably necessary to protect the public against such condition and that the defendant city failed or neglected for such reasonable time to remedy such condition or to take such action, and, if you find that the plaintiff, while lawfully and in the exercise of ordinary care driving his automobile on said street, suffered personal injuries or property damage resulting from such dangerous condition, or in other words proximately caused by such dangerous condition, if any, then your verdict must be for the plaintiff."*

(b) *"It was the duty of the defendant city of Los Angeles*

*to exercise ordinary care to maintain Allesandro Street in a reasonably safe condition for its use in a proper manner, and if a dangerous condition existed on Allesandro Street at the time and place of the accident, it is not necessary, in order that the city of Los Angeles be liable, that such condition be due to any defect created in the street after its construction, but the city would be liable if such dangerous condition arose from the construction of the street in the first instance; provided, of course, the other elements necessary to impose liability and explained to you elsewhere in these instructions exist. In other words, even if a dangerous condition is inherent in the very nature of an improvement constructed, the city would be liable for injuries resulting from a dangerous condition so created or arising, as it would be for injuries resulting from a dangerous or defective condition arising from disrepair, or deterioration.*''

This proposition is without merit.

█ (a) It is the unquestioned law in California that to establish liability of a defendant municipality under the provisions of the 1923 Public Liability Act (Stats. 1923, p. 675, Act 5619, Vol. 2, Deering's Gen. Laws (1937) 2630), it is necessary that the defendant city have knowledge of the dangerous character of the condition which causes the injury. (*Nicholson* v. *City of Los Angeles,* 5 Cal. (2d) 361, 363 [54 P. (2d) 725] ; *Whiting* v. *City of National City,* 9 Cal. (2d) 163, 165 [69 P. (2d) 990] ; *Beckley* v. *Vezu,* 23 Cal. App. (2d) 371, 377 [73 P. (2d) 296].) █ We are of the opinion that the instruction set forth in paragraph (a), *supra,* fully meets the requirement of this rule. It is not essential that any specific words be used providing that the proper conception is conveyed to the jury. It is our view that the words, ''If you find that the defendant city had knowledge or notice of the dangerous condition,'' as used in the questioned instruction, is equivalent to advising them that they must find that defendant city had knowledge of the ''dangerous character of the condition which caused the injury.''

█ (b) Appealing defendant's contention that the instruction set forth in paragraph (b), *supra,* was erroneous because it in effect instructed the jury that defendant municipality would be liable under the general doctrine of negligence, may not be urged by said defendant, for the reason that the law is established that a party may not complain of error in instructions given at the request of his adversary, where an in-instruction requested by the party urging error contained

the same vice. (*Jesse* v. *Giguire,* 24 Cal. App. (2d) 160, 163 [74 P. (2d) 310] ; *Miller* v. *Dollar Steamship Lines, Inc.,* 19 Cal. App. (2d) 206, 212 [64 P. (2d) 1163].) In the present case appealing defendant asked and the court gave an instruction substantially the same as the one set forth in paragraph (b) above. It read as follows:

"The defendant, City of Los Angeles, is not an insurer of the safety of travelers on its streets, but is required only to exercise ordinary care to construct and maintain its streets in a reasonably safe condition for those using them in a lawful manner with ordinary care for their own safety."

*Sixth: The trial court committed prejudicial error in not granting appealing defendant's motion for a new trial on the ground of misconduct of:*

*(a) Juror George A. Long who at the hearing on defenfant's motion for a new trial testified that during the course of the trial he visited the scene of the accident;*

*(b) Juror James V. Garland, who failed to disclose on his voir dire examination that on various occasions prior to the trial he had driven over the street where the accident occurred; and*

*(c) Juror Pauline Gates, who stated on voir dire examination, contrary to the fact, that neither she nor her husband had been involved in an accident in which personal injuries were suffered.*

The foregoing proposition is untenable.

 (a) After permitting, over objection, Juror Long to testify that during the course of the trial, he had visited the scene of the accident, the trial judge granted plaintiff's motion to strike his testimony from the record. This ruling was correct, since the law is established in this jurisdiction that the verdict of a juror may not be impeached by the testimony or affidavits of a juror except where the affidavits show that the verdict was reached by a resort to the determination of chance within the meaning of subdivision 2 of section 657 of the Code of Civil Procedure. (*Phipps* v. *Patterson,* 27 Cal. App. (2d) 545, 546 [81 P. (2d) 437].) Therefore, there was no testimony before the trial court lending support to the alleged misconduct of Juror Long.

 (b) Juror Garland was not asked upon his *voir dire* examination whether he had ever traveled upon the street where the accident occurred, and in the counter affidavits filed on the motion for a new trial he stated that had he been asked such a question he would have answered it in the affir-

mative. There is, therefore, no showing that this juror wilfully concealed any fact from the court.

 (c) Juror Gates on her *voir dire* examination when asked whether she or her husband had been involved in an accident in which personal injuries were suffered, replied, "No." However, it developed on the motion for a new trial that her husband two years before she had met him had received an injury to his hand in an automobile accident and also slight injuries in an automobile accident thirteen years before the present trial. Juror Gates in her counter affidavit, used on the motion for a new trial, said that she understood the question to relate to her solely. We are of the opinion that from the foregoing facts appealing defendant was not in any way prejudiced by the juror's failure to understand the question and properly answer it. Therefore, since it is established that a motion for a new trial will not be granted upon the ground that a juror upon *voir dire* examination has incorrectly answered questions, in the absence of a showing that (1) prejudice has resulted to the appealing party, or (2) there were wilfully false and untruthful answers given by the juror which would lead to the inference that the juror was animated by a dishonest motive in qualifying, the trial judge properly denied the appealing defendant's motion for a new trial predicated upon the alleged misconduct of Juror Gates (*Mast* v. *Claxton,* 107 Cal. App. 59, 67 [290 Pac. 48].)

The record is free from error. It discloses zealous and sincere effort of the patient, kindly, industrious judge who, since the filing of this appeal, has passed to his final reward.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 16, 1942.