## GALEWSKI v. APPELBAUM.

(Supreme Court, Appellate Term. July 6, 1900.)

1. LANDLORD AND TENANT—LEASE—VALIDITY.

A lease made by plaintiff's grantor to defendant, not signed by lessor, where there was no evidence that the person who signed it in her behalf was her lawfully authorized agent, was invalid.

2. SAME—IMPLIED RATIFICATION—RECORDING—ACCEPTING RENT.

Where there was no evidence that plaintiff's grantor had expressly ratified an invalid lease to defendant, and there being no evidence that such grantor ever saw the lease or knew its terms, the fact that the lease was recorded, and that grantor accepted rent under it, raises no implication of ratification.

3. SAME—DEED—RECITALS.

Where a deed to plaintiff recited that it was accepted subject to the rights of present tenants, such recital did not amount to a recognition of defendant's invalid lease.

Appeal from municipal court, borough of Manhattan.

Action by Bernard Galewski against Ike Appelbaum. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

C. L. Hoffman, for plaintiff.

J. Levy, for defendant.

PER CURIAM. The lease purporting to be made by the landlord's grantor to the tenant was clearly invalid, in that it was not subscribed by the lessor, nor was there any evidence that the person who

signed it in her behalf was her lawfully authorized agent. Nor is there any evidence that she ever ratified it. She certainly did not expressly ratify it, and there is no evidence that she ever saw it or knew of its terms. The fact that it was recorded, and that she accepted rent under it, raises no implication of ratification. It does not appear that she knew of its recording, or knew that it purported to lease the premises for more than a year. At the time the landlord acquired the property, therefore, the tenant was holding under an invalid lease. The recital in the deed that the conveyance was accepted "subject, nevertheless, to the rights of present tenants, all of which expire on or before May 1, 1902," does not amount to a recognition of the tenant's lease as a valid outstanding lease. The deed was accepted subject to the rights of tenants; meaning thereby such rights as the tenants had, not such rights as any of them might claim to have. The recital still left it open to the grantee to dispute the validity of any rights so claimed. As has been seen, the tenant here had no existing rights under his invalid lease, and consequently there was nothing to which the recital applied, and it makes no difference whether or not the grantee knew that the tenant claimed to hold the premises for more than a year under an invalid lease. Purdy v. Coar, 109 N. Y. 448, 17 N. E. 352.

If the landlord's testimony be accepted, the tenant held under an oral lease from him from September, 1899, to May, 1900. If he be disbelieved, and the tenant's story be accepted that nothing was said between himself and the landlord, then, the written lease being invalid, the tenancy ended on May 1, 1900, by virtue of section 202 of the real property act (chapter 547, Laws 1896).

The final order appealed from should be reversed, with costs, and the proceeding remitted to the municipal court for a new trial.