[L. A. No. 2981. Department One.—November 30, 1912.]

## PACIFIC IMPROVEMENT COMPANY, Respondent, v. ROY JONES, Appellant.

LEASE BY CORPORATION—SIGNING BY INDIVIDUAL—PAROL EVIDENCE OF AGENCY AND AUTHORIZATION.—Where a written instrument of lease purports on its face to be the act of a corporation, but is signed, not by the corporation, but by an individual, a stranger to the con- tract, parol evidence is admissible, in an action by the corporation to recover the rent reserved, to show that the person signing did so for and on behalf of the corporation pursuant to authority so to do.

ID.—CONSTRUCTION OF INSTRUMENT—LEASE OR EXECUTORY CONTRACT FOR LEASE—INTENT—PART PAYMENT OF RENT.—Whether a written instrument is a lease, or a mere executory agreement to make a lease, depends upon the intent of the parties, to be determined by a construction of the instrument taken as a whole. So construing the instrument in question, it is held, that it was intended to con- stitute a lease when signed by the respective parties, especially in view of the fact that the lessee entered under it and paid part of the rent at the time of its execution.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Ben S. Hunter, and C. C. Towner, for Appellant.

O'Melveny, Stevens & Milliken, and Platt & Bayne, for Respondent.

THE COURT.—The justices of the district court of appeal of the second district, in which this cause was pending on appeal, were unable to concur in a judgment, and they hav- ing given their several opinions in writing therein and for- warded to this court copies thereof, the cause was transferred to this court for determination.

The opinion of Mr. Justice Shaw of said district court of appeal, concurred in by Mr. Justice James, in our opinion sufficiently and correctly disposes of all points made by coun- sel for appellant in their briefs, and we adopt the same as

the opinion of this court.   The following is a copy of such opinion:

"Action to recover a balance of $1,250 rent claimed to be due from defendant to plaintiff under an alleged lease of property for the term of one year.

"Judgment went for plaintiff, a corporation, from which, and an order of court denying his motion for a new trial, defendant appeals.

"The verified complaint, after alleging that on January 21, 1907, plaintiff leased to defendant the property therein described for the term of one year from said date, at the term rental of $3,000, payable in monthly installments of $250 each, further alleged: 'That said defendant has paid upon said rental the sum of $1,750, and no more, and there is now due and unpaid on said rental the sum of $1,250.'   The answer denied the making of the lease, or that there was due and unpaid from defendant to plaintiff the sum of $1,250 thereon, but did not deny the payment by defendant to plaintiff of the sum of $1,750 rental reserved therein.   In support of its contention that it had leased the property to defendant, as alleged in the complaint, plaintiff offered in evidence a document as follows:

"'Santa Monica, Cal., January 21, 1907.

"'MR. ROY JONES,

"'Santa Monica, Cal.

"'Dear Sir: The Pacific Improvement Company will lease to you for school purposes the property known as the Hotel Arcadia, located at Santa Monica, California, for the term of one year, beginning January 21st, 1907, consisting of the hotel building, the grounds adjoining and belonging to the hotel, dressing rooms for surf bathers, barracks or servants' quarters, at an annual rental of three thousand ($3000) dollars, payable on the first day of each and every month in monthly payments of two hundred and fifty ($250) dollars each.   You agreeing to lease said property at said rental, and make payments as above mentioned.   We will agree to include all furniture, linen, crockery and tableware, now in and belonging to said hotel necessary to accommodate fifty people, an inventory of said property being taken and made a part of this lease.   You to pay for all repairs, renewals and improvements of every character in connection with said leased

property, and shall maintain said property, including the grounds, plant and other property in good condition, reasonable wear and tear excepted, and at the termination of said lease as herein provided restore all of said property to said lessor in the same condition as when received, reasonable wear and tear excepted, and you will not make any alterations or additions to said property except after first obtaining the written consent of the undersigned, and if any said personal property shall be destroyed or broken, the same shall be restored of the same quality as the property so destroyed or broken, and the undersigned, or its agents, shall be authorized to enter upon said premises at any time for the purpose of examining the same or of ascertaining whether the terms of this lease are complied with by said lessee, and if said lessee shall fail to comply with any of the covenants herein, or shall not make said payments as herein provided, the lessor may re-enter and take possession of said premises upon demand, and said lease shall at the option of said lessor thereupon terminate; said lessee shall not assign this lease or let or sublet said premises or any portion thereof without first obtaining the written consent of said lessor, and a violation of this provision shall entitle said lessor to re-enter and take possession of said premises and terminate this lease.

"Should the building at any time be damaged by fire or earthquake or elements to render it untenantable, then the lease shall terminate.

"'Yours truly,

" '(Sgd)    A. D. SHEPARD.
" '(Sgd)    ROY JONES.'

"To the introduction of this instrument in evidence defendant objected upon the grounds, 1st, that it did not appear to have been signed by said plaintiff, or by any person representing the plaintiff having authority to sign the same, as shown upon the face of the instrument itself; and, 2nd, that the same did not constitute nor purport to be a lease between plaintiff and defendant. Defendant's objection was overruled and this objection, based upon these two grounds, constitute the chief reason upon which he bases his claim to a reversal of the case.

"The instrument on its face purports to be the act of the Pacific Improvement Company, but is signed, not by the cor-

poration, but by A. D. Shepard, a stranger to the contract. Under these circumstances, the question as to whether the contract was that of the Pacific Improvement Company depended upon a fact not disclosed by the instrument,—namely: that the signing by Shepard was for and on behalf of the corporation pursuant to authority so to do. It was competent, since the distinction between sealed and unsealed instruments is abolished in this state, to establish the fact, as to which the contract was silent, by parol testimony. (See *Southern Pac. Co.* v. *Von Schmidt Dredge Co.,* 118 Cal. 371, [50 Pac. 650], and authorities there reviewed.) An examination of the cases cited by appellant *contra* discloses that the question of agency of the party signing for the lessor was not involved therein and no evidence offered thereon. (*Galewski* v. *Appelbaum,* 32 Misc. Rep. 203, [65 N. Y. Supp. 694]; *Whitford* v. *Leidler,* 25 Hun, (N. Y.) 136; *Roff* v. *Duane,* 27 Cal. 565.) The uncontradicted evidence shows that defendant conducted negotiations with Horace G. Platt and A. D. Shepard for the lease of the property; that the former was attorney and acting president of the corporation, and Shepard the general manager thereof, which fact was at said times known to defendant; that as a result of these negotiations Platt, at the office of defendant, dictated the document to a stenographer who transcribed the same; that Shepard, under Platt's instruction and for and on behalf of the Pacific Improvement Company, signed it, and that defendant paid to plaintiff the rent reserved therein covering seven months of said period of one year. The circumstances and evidence thus conclusively show that Shepard in attaching his signature to the paper did so for and on behalf of the corporation, whose general manager he was, and that defendant was fully cognizant that he so acted. The document was shown to be that of the corporation.

"The next point made by appellant is that the instrument is not a lease, but a mere executory agreement to make a lease. The question is one of intent of the parties, and this must be determined by a construction of the instrument taken as a whole. (Tiffany on Real Property, vol. 1, sec. 37; Taylor's Landlord and Tenant, sec. 38.) Thus considered, we find no difficulty in reaching the conclusion that both parties intended the document to constitute a present demise of the premises

for a definite term, commencing on January 21, 1907, the date of the execution of the instrument. While in form the document appears to be a proposal addressed to defendant, nevertheless, the fair import of the language is that when signed by the respective parties thereto it should constitute a lease. The right to possession and entry, as well as the commencement of the time from which rent was to be paid, was contemporaneous with the date of the instrument. There is much in the document that shows that it was regarded as a present demise of the premises. For instance, it is described as 'this lease,' and, defendant referred to as 'said lessee'; and it is provided therein that, 'if said lessee shall fail to comply with any of the covenants herein, or shall not make said payments as herein provided, the lessor may re-enter and take possession of said premises upon demand'; and, further, that 'said lessee shall not assign this lease.' Moreover, while the testimony tends to prove that the parties contemplated substituting for this instrument a more formal lease, nevertheless, the execution of the document, as shown by the uncontradicted testimony of Platt, was intended to conclude the lease between the parties, so that Mr. Jones could take immediate possession of the property, the contemplated execution of the formal lease being deemed a matter of mere convenience. The property was leased for school purposes and the evidence shows that it was occupied by the military school as contemplated by the parties. No other lease was ever executed. Furthermore, defendant by answer admits that he paid seven months' rent upon the lease, a fact wholly inconsistent with the theory that such sum was paid by him and received by plaintiff merely upon an executory contract that at some future time plaintiff would lease to him the property for one year from January 21, 1907. The occupation and use of the premises was for the purposes specified in the contract, viz.: 'the military school Mr. Jones was speaking of,' and, as said in *Cheney* v. *Newberry,* 67 Cal. 125, [7 Pac. 444], 'payment and receipt of the rent was only consistent with a recognition by lessor as well as lessee that the lease was in force.' Actual entry by defendant under the contract would be a circumstance merely tending to establish the fact that the instrument was a lease, but conceding, as claimed by appellant, that the evidence fails

to show entry, nevertheless, he had the right to enter, which right was recognized by plaintiff in accepting the rental.''

For the reasons stated the judgment and order appealed from are affirmed.