[Civ. No. 3904. First Appellate District, Division One.—September 13, 1921.]

## CHARLES SPINDLER, Respondent, v. THE WITTE-MANN COMPANY (a Corporation), Appellant.

[1] PERSONAL SERVICES — AMOUNT DUE — JUDGMENT — FINDINGS.—On this appeal from a judgment in an action for a balance due for personal services, the findings do not justify the judgment for the sum declared therein to be such balance, but only for a much smaller amount.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edmund P. Mogan, Judge. Reversed.

The facts are stated in the opinion of the court.

Willard P. Smith for Appellant.

Charles L. Brown for Respondent.

RICHARDS, J.—This is an appeal from a judgment in the plaintiff's favor for the sum of $392.40 as the balance due for services rendered by the plaintiff to the defendant in the matter of the sale of certain machinery. The appeal is upon the judgment-roll alone, and the appellant's sole contention is that the findings do not justify the judgment for the sum declared therein to be the balance due but only for a much smaller sum.

The plaintiff alleged in his complaint that he had performed certain specified services for the defendant which had resulted in the sale of the machinery in question for the sum of $7,950, upon which sale price the defendant had promised to pay plaintiff a commission of fifteen per cent; that the commission thus earned amounted to $1,192.50; "that plaintiff agreed with the defendant to a deduction of $365 from said commission, leaving the net balance thereon the sum of $827.50; that the defendant has paid this plaintiff on account thereof the sum of $285, and that the net balance of said commission unpaid and due and owing from the defendant to the plaintiff is the sum of $540.42, together with interest at the rate of seven per cent per annum from December 1, 1918."

There is another cause of action stated in the second count of the complaint with which we are not concerned upon this appeal, the judgment having been as to that account in the defendant's favor.

The answer of the defendant as to the first count of the complaint, while admitting the sale of the machinery by plaintiff for defendant, denied its promise to pay a commission of fifteen per cent upon the selling price of the machinery so sold or any greater commission than ten per cent thereon, all of which it alleges has been fully paid. It makes no reference in its answer to the plaintiff's averment of an agreed reduction in the amount of said commission.

Upon the trial of the cause the court made its findings as to the first count in the plaintiff's complaint as follows: "That paragraphs I, II, III, and IV of the first cause of action set out in the second amended complaint are true except that defendant paid to plaintiff on account of said commissions $300 on July 31, 1918; $350 on December 16,

1918, and $150 on December 28, 1918, and not $285 as stated in said complaint herein, and that there is due and owing plaintiff only the sum of $392.40, with interest thereon from December 1, 1918.'' Judgment was accordingly rendered for the sum of $392.40.

[1] Upon this appeal the appellant contends that upon the face of the foregoing finding it appears that there could only be due to the plaintiff the sum of $27.40. The respondent makes no satisfactory reply to this contention. The plaintiff having alleged an agreed reduction of $365 from the amount of the gross commission which he claimed; and the answer by its silence having admitted this agreement; and the trial court having found that the plaintiff's allegation as to the gross amount of the commission due and as to the said agreed reduction thereof in said sum, leaving a balance of $827.50 due thereon, was true; and having followed this finding with the further finding of three specific payments made by the defendant to the plaintiff, to wit, $300 on July 31, 1918; $350 on December 16, 1918, and $150 on December 28, 1918, said payments aggregating the sum of $800.10, it follows inescapably that there could only have remained due to plaintiff the sum of $27.40 instead of the sum of $392.40 for which judgment was given.

It follows that the judgment must be reversed, and it is so ordered.

Waste, P. J., and Kerrigan, J., concurred.