[Civ. No. 4446.  Second Appellate District, Division One.—October 1, 1924.]

## BEULAH SLATER, Respondent, v. JAMES MAYZIE, Executor, etc., Appellant.

[1] SERVICES—REASONABLE VALUE—EXCESSIVE VERDICT.—In this action to recover the reasonable value of certain services performed by plaintiff as "secretary, companion, and business assistant" to defendant's testate, as the work performed by plaintiff was ordinary in nature—no particular skill having been required in anything she did, and she was in the employ of the deceased only about seven and one-half months, the verdict of $25,000 was grossly excessive, apparently given under the influence of passion, and could not stand.

[2] ID.—JURY TRIAL—ISSUES TO BE DECIDED—FAILURE TO SUBMIT TO JURY—VERDICT—JUDGMENT—NEW TRIAL.—In such an action, where the complaint is in three counts, one upon a written contract, one upon a check executed by the deceased, and one upon *quantum meruit* for the reasonable value of the services rendered the deceased, each to recover the same amount of money, and a jury trial is granted, at the request of either or both parties, each of the parties is entitled to have each and every triable issue of fact in the case submitted to the jury, and the jury is the only agency in the law which, in the circumstances, has any authority to pass upon the facts; and, where the trial court instructs the jury that they can find nothing on the first and second causes of action and, therefore, limits the jury to a consideration of the third cause of action, upon which they find in favor of plaintiff, on motion for a new trial the court has no authority to find that, although the verdict is grossly excessive, against the weight of the evidence, and against the instructions of the court, plaintiff is entitled to recover upon either or both the first and second causes

---

1.  See 28 R. C. L. 675.

of action, or to order that such verdict should apply to the causes of action which were not submitted to the jury for its determination.

[3] ID. — VERDICT — JUDGMENT — UNDISPUTED FACTS — PROVINCE OF COURT.—As a general rule to which there are but few exceptions, a trial court sitting with a jury has no authority to render a judgment on an issue not determined by the verdict of the jury, no matter how clear and undisputed the evidence relating to such issue may be.

---

(1ᵇ) 24 C. J., p. 287, sec. 885.    (2) 35 C. J., p. 240, sec. 169.    (3) 34 C. J., pp. 1169, 1171, sec. 106.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Reversed.

The facts are stated in the opinion of the court.

Ticknor, Carter & Webster for Appellant.

W. I. Gilbert and Thomas K. Case for Respondent.

HOUSER, J.—From the record it appears that the facts upon which the appeal herein is based are substantially as follows: On December 16, 1920, Henry T. Hazard, who was a wealthy lawyer, well advanced in years and alone so far as immediate relatives were concerned, employed one Beulah Slater, the plaintiff herein, to act as his "secretary, companion, and business assistant." The compensation to be paid was not agreed upon. Aside from a grammar school education and an interrupted course in a business college, Mrs. Slater had had no special training for the work which she was thus engaged to perform. She testified that in the course of her employment she accompanied Mr. Hazard on automobile rides; went with him to the bank, and to visit his doctor; helped him sort business papers; mended his clothing; washed a few handkerchiefs for him, and occasionally helped cook some meals. The employment was not continuous, but for various reasons was broken by many absences on the part of Mrs. Slater therefrom, aggregating perhaps one-fourth or one-third of the entire term of the employment. There were no regular hours of employment; nor was there any fixed line of work. Mrs. Slater came and went practically as suited her pleasure. On April 12, 1921,

---

3.   See 15 R. C. L. 604; 14 Cal. Jur. 979.

Mr. Hazard made a check in favor of Mrs. Slater for the sum of twenty-five thousand dollars, which check was delivered to Mrs. Slater contemporaneously with the execution and delivery of an instrument, a copy of which being as follows:

"Statement. I, Henry T. Hazard, 76 yrs. and sound of mind on Dec 16 1920 met Beulah Slater by appointment to give her legal advice. I knew Guy Slater your husband for years and thought a great deal of him, I had met you a number of times and liked you very much. After hearing how badly you were left, and I without children and lonesome did enter a contract with you on Dec 16 1920 I told you on our first meeting that I had married Mildred Clough but was not living with her. There is therefore no agreement of marriage between us and it was agreed that no claim or promise of marriage should ever be made by either one, but I do not want to think that I could never marry you, as I do love you, and having no children or no dependents you agree to be good and kind to me and I will repay you for your services. I will have no right to claim anything I have given you, that I will fix it legally, so that no one could have any claim to what I give you you agree that your savings account in the Security Trust & Savings Bank shall be sacred, and you will not loan or use any part thereof, and I promise to add there to so when I am gone you will be well repaid for your time. I want to leave you independent so when I am gone you can take care of yourself. You can quit me at any time, and either of us may discontinue our arrangement at any time, I do not want you to feel in bondage, but you are to give me all your time possible to make me happy. Yes, you may have ever other Sunday but the week days, you are to do as I see fit. The check I give you of twenty-five thousand dollars is to be held until I say for you to cash it, and any attempt thereof on your part to cash it before I say so will mean you forfeit the same. I want you to hold the check until I have filled in my ground, as I need all ready cash I can get, but I promise on the completion of same to take up the matter.

"This is to show you I mean to do what is right by you, and you to do what is right by me. I am very particular and fussy but you try and get along with me as I don't

want to loose you, and you will be well repaid. You ask me can I afford to give to you, don't you worry, I have aplenty for you and for all my people when I am gone, there will be enough for all.

"The foregoing six pages have been written by you (because I am too nervous and do not do any writing, but I have authorized you to do it for me). This is evidence of our agreement so we may have no trouble hereafter, and that either party can discontinue our arrangement and the amount contributed to you shall be full compensation for any and all claim that you can possibly make.

                           "HENRY T. HAZARD.
                           "BEULAH SLATER."

Mr. Hazard died on July 30, 1921. At the time Mrs. Slater had been in his employ a total of about seven and one-half months, inclusive of her several absences from her work. At the time of Mr. Hazard's death the "ground" referred to in the agreement between him and Mrs. Slater had not been "filled in"; nor had the check been paid.

On the probation of the estate of Mr. Hazard, Mrs. Slater's claim for twenty-five thousand dollars against the estate was rejected by the executor of Mr. Hazard's will, and thereupon Mrs. Slater brought the action which is the subject of this controversy. The cause of action is set up in three counts, namely: First, on an express contract alleged to have been entered into between the parties by which Mr. Hazard promised and agreed to pay to Mrs. Slater the sum of twenty-five thousand dollars for her services; secondly, directly on the check, alleging its execution and delivery by Mr. Hazard to Mrs. Slater for a valuable consideration, the demand for payment of the check and the refusal of payment thereof; and, thirdly, for the sum of twenty-five thousand dollars on the theory that such an amount represented the reasonable value of the services rendered.

The case was tried before the court sitting with a jury. Evidence tending to sustain the action as to each of the counts set up on the complaint, including the execution and delivery of the agreement and the check to which reference has been had, was offered to and received by the court and submitted to the jury. The court, however, instructed the jury that "you can find nothing on the first or second cause of action"; and thereupon limited the jury to a considera-

tion of the third cause of action on the question of the reasonable value of plaintiff's services.  The jury returned a verdict in favor of plaintiff for the sum of twenty-five thousand dollars.  A motion for new trial was made by defendant, on which the court made the following order:

"This cause came on for decision upon motion for new trial which the court had under submission upon the question of reasonable value of services.  The verdict is grossly excessive and appears to have been given under the influence of passion, and is also against the great weight of the evidence on that question, and is against the instructions of the Court.  A new trial would be granted if it was not for the fact that the Court erred in instructing the jury 'that in no event can the plaintiff in this action recover any sum in excess of the reasonable value of such services as you may find to have been rendered by the plaintiff to Henry T. Hazard in his lifetime at the said Hazard's special instance and request.'

"The Court being now satisfied that under the law plaintiff was entitled to recover upon the check and the contract, Exhibit No. 5, the motion for a new trial is denied.  Dated January 5, 1923.

"CHAS. MONROE, Judge."

It thus appears that as to the issue which was submitted to the jury for its determination, namely, the question of the reasonable value of plaintiff's services, the judge of the trial court was of the opinion that the verdict was excessive, but that because the court was also of the opinion that error had been committed by it in withdrawing from the consideration of the jury the issues tendered by the first and second counts of the complaint, on the theory that plaintiff was entitled to a recovery thereon, the verdict was permitted to stand and the motion for a new trial was denied.

[1]  The verdict was rendered on but one issue of the complaint and the judgment was necessarily based thereon.  As to that issue, the question was solely regarding the reasonable value of plaintiff's services.  From the evidence, assuming that there was no agreement between Mr. Hazard and Mrs. Slater as to what compensation she should receive for her services, it would seem very clear that twenty-five thousand dollars was largely in excess of the reasonable value thereof.  The work performed by plaintiff was

ordinary in its nature. Apparently there was no particular skill required in anything that she did for Mr. Hazard. It would seem clear that going on automobile rides, visiting the doctor or the bank with Mr. Hazard, mending his clothing, washing handkerchiefs, and occasionally assisting in the preparation of meals, even if covering the full period of seven and one-half months, would not present a situation representing the performance of extremely arduous or difficult duties, or calling for knowledge or experience not possessed by the average housewife. It likewise would seem absurd and ridiculous to allow compensation in the sum of twenty-five thousand dollars for such simple services for such a short period of time. The rate would exceed one hundred dollars per day, and this court concurs in the expression with reference thereto made by the judge of the trial court in the order denying the motion for a new trial, that "the verdict is grossly excessive and appears to have been given under the influence of passion." So far, then, as the judgment is based upon the verdict rendered on the sole issue submitted to the jury, it cannot be permitted to stand.

There remains to be determined whether or not, the first two counts having been withdrawn from the consideration of the jury and consequently no verdict thereon having been rendered, the court was authorized in effect to judicially declare "that under the law plaintiff was entitled to recover upon the check and the contract."

[2] In the consideration of the question, at all times it should be remembered that the case was being tried before a jury. Assuming that but one of the parties had demanded a jury trial, nevertheless, a jury trial having been granted, each of the parties litigant was entitled to have each and every triable issue of fact in the case submitted to the jury, and the jury was the only agency in the law which, in the circumstances, had any authority to pass upon the facts. The statement by the trial court that "plaintiff was entitled to recover upon the check and the contract," was in effect a finding which the court was not authorized to make. Because the trial judge was "satisfied" from the evidence and the law applicable thereto that plaintiff was entitled to recover on either or both of the causes of action which had

been by him withdrawn from the consideration of the jury, could not legally take from the defendant the right which he had acquired to have a decision thereon by the jury as reflected in its verdict.

[3] It may be said that as a general rule to which there are but few exceptions, and to which exceptions the facts herein do not apply, a trial court sitting with a jury has no authority to render a judgment on an issue not determined by the verdict of the jury, no matter how clear and undisputed the evidence relating to such issue may be. (33 Cor. Jur. 1171, and cases there cited; especially *First Nat. Bank, of Mason* v. *Vander Stucken* (Tex. Civ. App.), 37 S. W. 170, and *Texas Brewing Co.* v. *Meyer* (Tex. Civ. App.), 38 S. W. 263. See, also, *Ross* v. *Austill,* 2 Cal. 183.)

In the case of *Moore* v. *Moore,* 67 Tex. 293 [3 S. W. 284], in discussing the principle here applicable, the court said: "It is the right of the parties to have the jury pass upon all the facts controverted by the pleadings; and when they have omitted to do this, however clear and undisputed the evidence upon the issues not found, the court cannot render judgment without usurping in part the function of the jury, and thereby infringing a right guaranteed by the constitution and laws."

The judgment must either stand or fall on the verdict as rendered by the jury. On the issue upon which the jury was permitted to pass, the verdict was excessive; and the judge of the trial court was without authority to order that such verdict—because in his opinion, in its last analysis, it was ultimately just—should apply to causes of action which were not submitted to the jury for its determination.

Additional reasons bearing upon the merits of the case are suggested by appellant as grounds for a reversal of the judgment; but, in view of the conclusions reached as herein indicated, it is considered that any further discussion is both unnecessary and inadvisable.

The judgment is reversed.

Conrey, P. J., and Curtis, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 28, 1924.