[Civ. No. 5630.   First Appellate District, Division Two.—October 13, 1926.]

## CHARLES SPINDLER, Respondent, v. THE WITTEMANN COMPANY (a Corporation), Appellant.

[1] SERVICES — COMMISSIONS AS SALESMAN — FINDINGS — EVIDENCE — JUDGMENTS.—In this action to recover salesman's commissions the evidence was sufficient to support the findings and judgment in plaintiff's favor.

[2] APPEAL—NEW TRIAL—ADMISSIONS IN PLEADING—EVIDENCE—FINDINGS — SECOND APPEAL. — Where a case has once been tried and gone up on appeal and is sent back for retrial on the same admissions in the pleadings, in order to justify an affirmance of the judgment on a second appeal, the findings and evidence must have been the same.

[3] WITNESSES—EVIDENCE—ANSWER NOT RESPONSIVE ·IN PART — GENERAL OBJECTION—PROPER REFUSAL OF MOTION TO STRIKE.—Where only a part of the answer of a witness is not responsive, the refusal of the trial court of a motion to strike it out on general objection is not error.

---

(1) 39 C. J., p. 205, n. 45.   (2) 4 C. J., p. 1217, n. 10, p. 1219, n. 27.   (3) 38 Cyc., p. 1404, n. 48, 50.

3.   See 24 Cal. Jur. 778.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edmund P. Mogan. Judge. Affirmed.

The facts are stated in the opinion of the court.

Willard P. Smith and Kennett B. Dawson for Appellant.

Dozier, Kimball & Dozier for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover commissions alleged to have been earned while acting as a salesman. The defendant answered and a trial was had before the court sitting without a jury. The trial court made findings in favor of, and ordered judgment for, the plaintiff. From that judgment the defendant has appealed.

Before taking up the points made by the appellant it should be noted that this is the second appeal. (See *Spindler* v. *Wittemann Co.*, 54 Cal. App. 207 [201 Pac. 604].) An examination of the decision in that case discloses that the record as made on the first appeal shows that a number of payments were made by the defendant to the plaintiff, but the record did not disclose whether those payments or which ones were made to the plaintiff on the account on which the plaintiff sued in this action.

When the case went back for the second trial other evidence was introduced and the trial court made findings slightly different from the findings made on the first trial.

[1] The first point made by the appellant is that the plaintiff is bound by the admission in the complaint to the effect that "plaintiff agreed with the defendant to a deduction of $365 from said commission, leaving the net balance thereof in the sum of $827.50." The appellant thereupon proceeds to show that the respondent has received $800.10 and thereupon the appellant argues that the utmost the respondent should have recovered was $27.40. The vice in that contention arises by reason of the omission to give due consideration to a peculiar fact developed in the evidence. Both parties concede that there was some evidence introduced which tended to support the finding that the commission agreed upon should be estimated at fifteen per cent.

Both parties agreed that fifteen per cent amounted to the grand total of $1,192.50. There is no conflict in the evidence but what moneys were paid by the defendant totaling $800.10. However, the plaintiff testified that of those moneys $365 was received by the plaintiff, not for himself, but as a gratuity transferred by the plaintiff to one Oppel for having assisted in negotiating the sale. He further testified that the same $365 was, by consent, to be deducted from his commission. It follows that the total commission which the plaintiff was entitled to charge was $827.50. If we subtract from $800.10, the total payments, $365, there remains $435.10, which was paid by the defendant to the plaintiff on his individual claim for commissions. Deducting the $435.10, the payments received on his personal account, from $827.50, there remains $392.40, as the amount owing from the defendant to the plaintiff. The findings and the judgment are in direct accord with those figures.

[2] The second point made by the appellant is that where a case has once been tried and gone up on appeal and is sent back for retrial on the same admissions in the pleadings, the same evidence and the same findings, the judgment should have been as directed by the appellate court for $27.40. That point rests on the assumption that the evidence was the same. The record does not show such to be the fact.

[3] The last point made by the appellant is that the trial court received over the objection of the appellant some evidence which was objectionable. There are several of these assignments in the transcript. On the argument, in reply to questions by the court, the appellant stated that it relied on the following incident which occurred during the cross-examination of the plaintiff: "Mr. Smith: Did you have any authority from the Wittemann Company to pay Oppel any money? A. No, not for twenty-seven years that I was with them; but I acted in that way and it was always accepted and it was the understanding between the firm and myself. I had the authority for it. Mr. Smith: I will ask that that go out, your Honor. The Court: I will allow it to stand." It is perfectly clear that the first part of the answer was responsive and should not have been stricken out. The motion to strike was not sufficiently specific. In the form

in which the motion was made the trial court did not commit any error when it refused to grant the motion.

The judgment is affirmed.

Nourse, J., and Cabaniss, P. J., *pro tem.*, concurred.