[Civ. No. 6073. Third Appellate District.—December 16, 1938.]

THOMAS B. LEEPER, Appellant, v. SAM GINSBERG et al., Respondents.

Ralph H. Lewis and R. L. Shinn for Appellant.

Busick & Busick and O. F. Meldon for Respondents.

THE COURT.—The plaintiff has appealed from a judgment which was rendered against him in a suit to recover the reasonable value of attorney's fees for services rendered. The cause was tried by the court sitting without a jury.

The complaint alleges that while plaintiff and Charles O. Busick were engaged in the practice of law as copartners the defendants employed them on May 1, 1927, to recover from Alpha Quicksilver Mining Company an indebtedness amounting to $172,800 and accrued interest; that pursuant to that employment the law partnership performed services until its dissolution in March, 1931, at which time the claim for legal services against the defendants was transferred to plaintiff who "thenceforth and up to the present time, with the consent and at the request of the defendants, proceeded with the carrying out of the said contract", and thereafter continued to perform legal services, of the reasonable value of $5,000, no part of which has been paid except the sum of $300. The prayer asks for judgment against the defendants for the sum of $4,700. The answer denies the material allegations of the complaint and sets up the statute of limitations as a bar to the claim.

The court found that among other legal services performed by the partnership, and by the plaintiff before the dissolution of the partnership, was the foreclosure of a trust deed for $27,000 executed by the Alpha Quicksilver Mining Company; that the defendants Ginsberg, Nielson and Rablin constituted a committee representing the creditors of the mining company, and that the defendant Smith was their agent with

authority to employ counsel and act in behalf of the creditors' committee; that the law partnership was employed May 1, 1927, to foreclose the $27,000 trust deed, together with certain other incidental services, for an agreed fee of $300, which was fully paid; that the law partnership was dissolved in March, 1931, but that,

"Since the dissolution of said partnership, the plaintiff has rendered other services to the defendant Theodore Smith, but that said services were and are independent of said contract of employment with said partnership, and constitute independent contracts of employment with plaintiff."

The court then found that the cause of action upon which the complaint is based, is barred by the statute of limitations. Judgment was then rendered to the effect that the plaintiff take nothing by this suit. From that judgment this appeal was perfected.

The appellant contends the court erred in permitting the introduction of oral evidence which tended to vary. the terms of a written instrument in the form of a resolution which was adopted by the creditors' committee with respect to the payment of attorneys' fees; that the findings and judgment are not supported by the evidence, and that the judgment is not supported by the findings.

We are of the opinion the court did not err in receiving oral evidence tending to vary the terms of the resolution of the creditors' committee. This suit is not based on that resolution or upon any other written contract. It is a suit on *quantum meruit* for the reasonable value of legal services. Moreover, the resolution is not in conflict with the plaintiff's theory that the amount of compensation for legal services to be performed was not agreed upon by the parties.

While there is a sharp conflict of evidence regarding an agreement to pay the law partnership the definite sum of $300 for foreclosing the $27,000 trust deed, as distinguished from the compensation to be paid for other legal services performed, we are of the opinion the findings of the court to the effect that the agreed fee for the foreclosure proceeding, and certain other incidental services performed by "said partnership" before its termination, was fully paid is adequately supported by substantial evidence. Judge Busick testified in that regard:

"I told him [Mr. Smith] that it would only be necessary to foreclose under the deed of trust. . . . I took it [the agreement for fees] up with Mr. Leeper after Smith was gone, and told Leeper we couldn't get any more, that Mr. Smith did not want to pay only $300.00 and costs; so, we both agreed we would take it for that. . . . There was nothing further in the office in connection with this Alpha Quicksilver Mining Company foreclosure proceeding. . . . I left there on September 1, 1931. The partnership dissolution agreement was signed in May, 1931."

Judge Busick makes no claim to any further fees for legal services performed for the defendants. He asserts that the agreed amount of fees for the foreclosure proceeding which was completed while he was a member of the partnership was fully paid. He makes no claim to any part of the fees which may be due to the plaintiff for services performed after the termination of the partnership. He testified in that regard:

"I have never made any claim to Mr. Leeper that he should share this fee with me, because there isn't any balance due us, so, I wouldn't make any claim."

There is therefore sufficient evidence to support the court's finding that the agreed compensation of $300 for legal services performed by the plaintiff while he was a member of the law partnership with Judge Busick, for foreclosing the trust deed, was fully paid.

However, the record leaves little doubt that other legal services were performed by the plaintiff at the request of the defendants which were not included in the proceeding for foreclosure of the trust deed. It appears, substantially without contradiction, that legal services of importance and value, other than the foreclosure of the trust deed, were subsequently performed by the plaintiff for the defendants pursuant to his general employment, for which he has not been compensated. The record on appeal contains documents and pleadings prepared for the defendants by the plaintiff, and proceedings in which he appeared as attorney for them, which are not included in the trust deed foreclosure case, and which were not paid for. From the showing which was made at the trial it seems unreasonable to assume that the $300 fee which was paid to the copartnership to foreclose the trust deed, together with certain other proceedings found by the court to have been incident thereto, was intended to, or that

it did fully pay plaintiff for all the legal services which he performed for the defendants. The court specifically found that the plaintiff did perform other services for the defendant Smith, since the termination of the law partnership "independent of said contract of employment *with said partnership,* and constitute independent contracts of employment with plaintiff".

There is no controversy over the fact that the defendant Smith had the authority and that he was acting as agent for the other three defendants, constituting the creditors' committee, in trying to collect certain indebtedness due to them from the Alpha Quicksilver Mining Company. The record is undisputed that legal services of considerable value and importance were performed by the plaintiff for the creditors' committee through the agency of Theodore Smith, which were not included in the proceeding to foreclose the trust deed, and for which the plaintiff has not been paid. This is a suit on *quantum meruit* for the reasonable value of those very services, together with the other legal services rendered by the partnership in foreclosing the trust deed. The complaint specifically alleges the services performed by the partnership and then states that the plaintiff "thenceforth and up to the present time, with the consent and at the request of the defendants, proceeded with the carrying out of the said contract" to collect from the Alpha Quicksilver Mining Company the indebtedness owed by said corporation amounting to $172,800, "and fully performed all the terms and conditions of said contract; . . . that as a result of said services", etc.

Clearly the complaint asks for payment of the reasonable value of legal services alleged to have been performed by the plaintiff after the dissolution of the partnership. The court specifically found that such services had been performed by the plaintiff. The rendering and value of those services were distinct issues in the case. Yet, inadvertently, the trial court failed to determine them or to award plaintiff judgment for the reasonable value thereof. In that regard the judgment is not supported by the findings.

A judgment should conform to the essential findings, and may be reversed if it fails to do so. (3 Bancroft's Code Prac., p. 2310, sec. 1770; 2 Cal. Jur., p. 817, sec. 481.)

In spite of the preceding finding the court evidently erroneously assumed the cause of action was limited to the services performed by the partnership in foreclosing the trust deed, which action was terminated in 1929, for it found that "independent of said contract of employment with said partnership", other legal services were subsequently performed by the plaintiff, but that "The cause of action upon which plaintiff's complaint is based is barred" by the statute of limitations.

The complaint asks for judgment for the reasonable value of services performed by the plaintiff after the partnership was dissolved. The partnership was dissolved in March, 1931. The evidence is undisputed that he did perform services as late as September, 1932. The complaint in this case was filed August 11, 1934, within two years after the performance of the last services. The plaintiff testified that he performed legal services in repeated consultations with Mr. Smith, in drawing documents and otherwise, to a time within five or six months of the filing of the complaint. Mr. Smith, one of the defendants, also testified:

"I became dissatisfied with the way Mr. Leeper was handling the legal affairs that were entrusted to him, by me, or by the committee, after I came back from Lakeport. . . . The Ginsberg [matter] started in September, 1932, and it ran into 1933. . . . During September [1932] the Nichols matter came up, Leeper was handling the Nichols matter. And he was also consulting with me about the title up there on the property, . . . going through from that time, carrying out to December 31, 1932, and coming right into 1933. In the controversy between Ginsberg and myself . . . at that time, *Mr. Leeper was acting as attorney for the committee."*

The finding that the action is barred by the statute of limitations is therefore not supported by the evidence.

Since the record does not definitely disclose just what legal services were performed for the defendants by the plaintiff, after the dissolution of the partnership, we are unable to justly fix the fees to which he is entitled.

The judgment is reversed, and the court is directed to ascertain and determine the nature of the legal services and the value thereof which were performed by the plaintiff for the defendants subsequent to the dissolution of the partnership, and to render judgment in his favor for that amount.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 14, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 10, 1939.