[Civ. No. 12900. First Dist., Div. One. Feb. 13, 1946.]

O. C. CAPPELMANN, Plaintiff and Appellant, v. W. E. YOUNG, Defendant and Appellant.

50

George H. Harlan and Harold Jos. Haley for Plaintiff and Appellant.

Robert E. Hatch for Defendant and Appellant.

ATTERIDGE, J. pro tem.—Defendant's appeal is from a judgment rendered against him for $330 for unpaid rent which the trial court found to be due plaintiff under the terms of a written contract containing all the essentials of a valid lease. Plaintiff also filed a cross-appeal ''from so much of that certain judgment . . . as fails to award plaintiff eight months' rent . . . found to have accrued in Finding

IV, and so much thereof as fails to award to plaintiff the $300 damages found to have been suffered by plaintiff in Finding VII.'' These interrelated appeals will be, to some extent, separately reviewed.

## DEFENDANT'S APPEAL

On December 7, 1943, plaintiff was the owner of a vacant store building in Mill Valley, California. On that date he entered into the following written agreement with defendant and the latter's copartner Larry Reeder (who subsequently retired from the partnership after having conveyed his rights and obligations therein to defendant) :

"Dec. 7, 1943

"Agreement on Property at 32 Miller Ave. to be in force until lease is drawn.

"Agreement between Mr. O. C. Cappelman as Leasor and W. E. Young and Larry Reeder, Partners as Leasees.

"Rent to be One Hundred and Ten Dollars ($110.00) per Month starting Feb. 1, 1944 for a period of 3 years.

"A two year option at end of three years with rent of One Hundred and twenty dollars ($120.00) per month.

"Property to consist of building at 32 Miller Ave. and all ground behind same except space at rear for two garages aprox. 20' by 20'. Leasees to improve property at their own cost to extent needed in their business. Lessor to keep in repair outside of building and roof.

"A proper lease shall be drawn within ten days.

"Lease can be cancelled at option of Leasor or Leasee after one year from Feb. 1, 1944 at payment of Five Hundred Dollars ($500.00) and ninety days notice.

O. C. Cappelmann
Lessor
W. E. Young ⎱
Larry Reeder ⎰ Partners.''

After executing the foregoing contract, defendant Young went into possession of the premises immediately after December 7, 1943, and remained in possession thereof until March 16, 1944, when the key thereto was surrendered to plaintiff by a subtenant of defendant. It is conceded by both parties that no rent was to be exacted for the months of December, 1943, or January, 1944. The only payment made by defendant was the sum of $110 paid December 7, 1943.

An issue having been tendered by the pleadings in this respect, the court found, upon sufficient evidence, independent of the contract, that said payment was the agreed prepayment of rental for the last month of the lease, to wit, January, 1947. Consequently, under such circumstances, defendant paid no rent whatsoever for the period during which he occupied the premises. The parties, however, failed to enter into the more formal lease contemplated by their initial contract, although plaintiff, a short time thereafter, submitted to defendant a form of lease which defendant rejected as unsatisfactory, allegedly because of his dissatisfaction with two of the covenants contained therein. The court found that one of these covenants was necessary and proper in order to comply with a certain ordinance of the city of Mill Valley, and that the other covenant was in the nature of a mere proposal, upon the retention of which in the lease plaintiff did not intend to insist and readily would have eliminated on request. These findings are supported by sufficient evidence. [1] Manifestly defendant could not with justification object to a covenant which was merely in compliance with the city ordinance, since it was already, in legal effect, a part of the contract. (*Equitable B. & L. Assn.* v. *Wolfangle,* 111 Cal.App. 119, 123 [295 P. 388]; *Keating* v. *Preston,* 42 Cal.App.2d 110, 116 [108 P.2d 479]; 6 Cal.Jur. 311, § 186.) Defendant on his part made no effort to submit any form of lease, other than to consult an attorney in respect thereto; and the reasons advanced by him for his aforesaid breaches of the existing contract, and for his refusal to execute the more formal lease therein contemplated, are as follows:

First: The presence in the proposed form of contract of the two previously-referred-to covenants,—which, as has been pointed out, the trial court properly refused to accept as sufficient excuse for defendant's nonperformance of the contract.

Second: The plaintiff as lessor, by permitting rain water to leak into the interior of the premises, failed to comply with his covenant ''to keep in repair'' the roof of the building. In respect to this defense the trial court found, upon sufficient evidence, that plaintiff had promptly and adequately repaired said roof, and that defendant, as a ground for the breach of his contract, was not justified in seizing upon the circumstance that during a heavy and unusual rain there had been some leakage.

Third: ''The December 7th agreement was patently tem-

porary and contemplative of a permanent agreement. No such permanent agreement was ever reached, wherefore no rights or obligations thereunder could have accrued.''

As the first two contentions have been disposed of by our aforesaid approval of the trial court's findings in respect thereto, the third alone remains for consideration.

The said contention is completely answered and shown to be without merit by the following controlling declaration of the Supreme Court in *Gavina* v. *Smith,* 25 Cal.2d 501, 504 [154 P.2d 681], where it is said: ''Where the parties, however, have agreed in writing upon the essential terms of the lease, there is a binding lease, even though a formal instrument is to be prepared and signed later. (*Pacific Improvement Co.* v. *Jones, supra* [164 Cal. 260 (128 P. 404)]; *Levin* v. *Saroff, supra* [54 Cal.App. 285 (201 P. 961)].) The formal instrument may be more convenient for purposes of recordation and better designed to prevent misunderstanding than the other writings but it is not essential to the existence of the lease. 'The mere fact that a written lease was in contemplation does not relieve either of the contracting parties from the responsibility of a contract which was already expressed in writing. When one party refuses to execute the lease according to the contract thus made, the other has a right to fall back on the written propositions as originally made, and the absence of the formal agreement contemplated is not material.' (*Levin* v. *Saroff, supra,* at p. 290; see, also, *Pacific Improvement Co.* v. *Jones, supra,* at p. 264.)'' The foregoing quotation is directly applicable to the present factual situation and is fatal to the merits of defendant's last-stated contention, which it so exactly describes.

Defendant, however, contends that the authoritative effect of the decision just quoted, and of the supporting precedents cited therein, has been impaired and nullified as the result of a recent decision of the Second District Court of Appeal, Division Two, entitled *Store Properties, Inc.* v. *Neal,* 72 Cal.App.2d 112 [164 P.2d 38]. This contention is untenable. In that case the reviewing court was concerned with a suit in equity for the specific performance of an alleged written agreement, and did not have before it, as we have here, an action at law for damages. It appears on the face of the decision that the appellate court exercised great care therein to observe the important distinction which obtains between actions at law and suits in equity, and which is so

frequently the determinative factor in deciding whether a litigant is entitled to or should be denied equitable relief of a given character. It frequently occurs that a litigant may not be entitled to equitable relief where, under the same set of circumstances, were the action merely one at law there would be little or no doubt as to the right of the litigant to legal relief. Such a distinction is pointed out in the Stores Properties case by the court's statement (72 Cal.App.2d 116) that ''a contract expressed in general terms might not be void and . . . might be the basis of an action for damages, yet . . . be entirely too loose and inexact to warrant a decree for specific performance.'' The court, therefore, based its decision in that case solely upon the fact that the agreement, the specific performance of which was therein sought, was too indefinite and uncertain to warrant the granting of said relief by a court of equity. Both the proposal and the acceptance, which were relied upon as constituting a contract in the Stores Properties case, were made to and through an intermediary, and contemplated the further entry into a more definite contractual relationship by the parties themselves. In the present case the contract was made directly, by and between the parties exclusively. The preliminary agreement in the Stores Properties case remained wholly executory on the part of one of the parties thereto, and almost equally so on the part of the other, except that the latter, as the party seeking its specific enforcement, had made a deposit with the intermediary as evidence of good faith, and alleged its agreement to deposit a large sum of money as a guarantee that it would improve the premises which were to be the subject of the lease. Unlike the present case, the would-be lessee in the Stores Properties case never entered into possession, and the parties therefore did not, as they did herein *act* ''upon a mutual construction of their agreement,''—a factor pointed out by the court itself in distinguishing the case before it from *Levin* v. *Saroff, supra* (72 Cal.App.2d 118). It further should be noted that two of the three justices participating in the Stores Properties decision expressly limited their concurrence on the ground that the documents involved were, when viewed as a contract, too indefinite and uncertain to warrant its specific enforcement,—while at the same time declining to ''express any opinion as to whether either or both documents may form the basis of an action for damages'' (72 Cal.App. 2d 119). Under these circumstances, we conclude that the

Stores Properties case in no way impairs the force and effect of the authoritative declaration made by the Supreme Court in *Gavina* v. *Smith, supra,* as hereinbefore set forth.

It also should be mentioned that the defendant filed a cross-complaint, which was answered; but the defendant offered no testimony in its support, and expressly abandoned it in the court below. Defendant also contends that the judgment when compared with the findings of fact upon the issues is "one of hopeless conflict and uncertainty." This contention receives consideration in our review of plaintiff's cross-appeal which follows.

## PLAINTIFF'S APPEAL.

 The cross-appeal by plaintiff is based upon the ground that the conclusions of law and the judgment of the trial court fail to conform to its findings of fact and thereby operate to deprive him of an additional award of approximately $850 (representing eight months' rent at $110 per month, plus $300 damages—less $330, the amount of the judgment) to which the findings indicate he is entitled. His contentions as to nonconformity and as to inconsistency between the findings of fact and the judgment must be sustained for the following reasons:

First: As and for a separate and distinct cause of action plaintiff alleged in his complaint that defendant, while in possession of the demised premises, destroyed a large plate glass panel, and also caused certain other minor damage to the store front, to plaintiff's damage in the total sum of $296. These allegations were denied in defendant's answer. The court, upon ample evidence, explicitly found that plaintiff's said allegations were true, and found that he had been damaged "in the sum of $300.00." Nevertheless, in its conclusions of law and in its judgment the court made no reference to or any provision whatsoever for the award of the damage it thus found to have been sustained.

Second: In plaintiff's main cause of action for the recovery of the installments of rent due and unpaid under the contract, he further alleged that the installments of rent due under the contract "will continue to accrue at the rate of $110.00 per month thereafter." At the time the findings were signed, eight of said installments, or $880, had so accrued and were then unpaid. In its Finding IV the court found that "the said sum of $110.00 will continue to accrue

on the first day of each successive month thereafter [i. e., from the date of the filing of the complaint] to the date hereof [i. e., the date of the signing of the findings]." But the accruing sums so found to be due plaintiff under the contract were not awarded or referred to in the conclusions of law or in the judgment. It is upon these obvious failures of the judgment to conform to the aforesaid findings that plaintiff grounds his appeal.

The situation thus presented is one where the findings are full and complete as to all issues and fully sustained by the evidence, but the conclusions of law are erroneous in that the true effect of the findings has not been applied or reflected by them, and as a consequence an erroneous judgment has been framed. In other words, the judgment is against law since "It is fundamental that a judgment . . . must . . . conform to the findings." (*Nestor* v. *Burr*, 124 Cal.App. 369, at pp. 371-372 [12 P.2d 479]; *San Francisco C. C. House* v. *MacGowan*, 77 Cal.App. 308 [246 P. 347]; *Leeper* v. *Ginsberg*, 29 Cal.App.2d 722, 726 [85 P.2d 548].) Such a situation is analogous to one which would obtain were a jury, upon sufficient evidence and in determination of the issues of fact made by the pleadings, to return a verdict for a stated sum of money, and thereupon for the trial judge (not in the exercise of his broad powers on motion for a new trial) to enter a judgment in a substantially lesser sum than that returned in the verdict. Under the circumstances thus assumed it repeatedly has been held to be error for a trial court to proceed as last described. (33 C.J. 1175, § 109, and succeeding annotations thereto; *Slater* v. *Mayzie*, 69 Cal.App. 87, 93 [230 P. 453].)

█ In making our determination of this appeal, consideration has been given to the alternative courses of (1) remanding the cause to the trial court with directions to vacate its judgment, reform its conclusions of law, and to enter a judgment in conformity with its findings, or of (2) reversing the judgment, thereby leaving open to the trial court the right to retry any issue of fact or to modify its prior findings of fact, if so advised. We adopt the last-stated course for the following reasons: The findings of fact, conclusions of law and judgment were prepared and submitted by plaintiff to the trial court. After the judgment had been entered, defendant made a timely motion for a new trial, which afforded plaintiff an adequate opportunity

to direct the trial court's attention to the inconsistencies obtaining between the findings and the judgment, at the time when its power to correct both its findings and judgment was plenary. (Code Civ. Proc., § 662.) Plaintiff failed to do so, and shortly thereafter appealed from a judgment of his own procurement, after having himself prepared the findings with respect to which the judgment is inconsistent. No explanation has been offered as to how these inconsistencies were brought about, but in fairness to plaintiff's counsel it is proper to mention the fact that at the time of the oral argument on the appeal the court was advised of his protracted illness. Under these circumstances, a reversal of the judgment is indicated.

This was the action taken by the court in *Spindler* v. *Wittemann Co.*, 54 Cal.App. 207 [201 P. 604], where a similar inconsistency existed between the findings and the judgment, and the latter, under circumstances less persuasive than those last above stated, was reversed.

■ The provision in the written agreement that the "lease can be cancelled at option of leasor or leasee after one year from February 1, 1944, at payment of five hundred dollars ($500) and ninety days notice" never came into operation and had no effect upon the subject matter of the litigation in the trial court for the reasons, first: that defendant's recurring breaches of the contract for and upon which damages are to be awarded occurred prior to the date upon which, under the contract, a cancellation might be effected; and second: defendant never gave the prescribed ninety-day notice of cancellation or tendered said sum of $500, as therein provided.

The judgment insofar as it bears upon and relates to all claims of error advanced by defendant is affirmed; on the appeal of plaintiff the judgment is reversed.

Peters, P. J., and Ward, J., concurred.

A petition for a rehearing was denied March 15, 1946, and the opinion was modified to read as above.