[Civ. No. 5634. Fourth Dist. Apr. 15, 1958.]

A. C. HARRIS, Plaintiff and Appellant, v. GLENN M. WHISLER et al., Defendants and Appellants.

Siemon & Siemon for Plaintiff and Appellant.

S. B. Gill for Defendants and Appellants.

GRIFFIN, J.—Plaintiff, cross-defendant, respondent and appellant A. C. Harris (hereinafter referred to as plaintiff) brought this action against Glenn M. Whisler and wife, defendants, cross-complainants, respondents and appellants (hereinafter referred to as defendants) for rescission, conversion and accounting, involving an uncompleted agreement of sale of the Bakersfield Kaiser-Fraser Motor Company agency by defendants to plaintiff dated December 27, 1951. By it defendants agreed to sell the Kaiser-Fraser Motor Sales Corporation agency owned by them for $6,000 plus inventory of parts and accessories determined to be of the value of $3,069.02. Plaintiff delivered to defendants his note for $9,069.02 and a chattel mortgage on plaintiff's fixtures, parts and accessories in a like business conducted by him in Delano. (Apparently there was a previous mortgage of $5,000 given by plaintiff on this property to one Logrecco.) An itemized bill of sale of defendants' property was delivered to plaintiff and a chattel mortgage covered these items as well as certain other property consisting of parts, tires, etc. owned by plaintiff which had an estimated value of $10,000. Plaintiff also took with him to Bakersfield certain used cars valued at $7,400. They were not subject to the chattel mortgage.

The agreement provides, as a condition precedent that the sale should not be effective unless the Kaiser-Fraser Sales Corporation granted plaintiff a franchise. Plaintiff immediately went into possession of the Bakersfield business, moved his stock of used cars, parts, accessories, office and shop equipment, etc. there and immediately applied for a franchise. It was denied by the Kaiser-Fraser Sales Corporation on March 14, 1952. On March 17th defendants ousted plaintiff from the premises, took over and retained possession of all of the assets, including the used cars and equipment brought from Delano. Defendants claim a right to this property

under some form of written agreement alleged in their answer dated March 17, 1952, whereby plaintiff transferred to defendants and Logrecco title to and possession of all assets located in Bakersfield at the prescribed address of the defendants. It is plaintiff's claim that his signature to this instrument was obtained from him without consideration and by means of threats and coercion, by threatening plaintiff that if he did not sign it they would have to send him to prison for theft, i.e., executing a mortgage on property already subject to a prior mortgage. The court so found. On April 9, 1952, plaintiff gave written notice of rescission of this so-called written agreement and demanded return of all of his property.

This complaint for conversion alleged generally in the first cause of action the facts above related and then recited that on March 17, 1952, plaintiff was the owner of certain property used in the operation of the agency, including property purchased from defendants in the sum of $6,000, plus used cars, parts, tires and batteries, oil and grease, and electrical fixtures, all of the value of approximately $17,991.23, being the difference between the total value of the property and the amount due ($8,816.86) on the chattel mortgage given by plaintiff to defendants. The second cause of action realleges paragraphs 1, 2, 3 and 4 of the first cause of action and that plaintiff, on April 9, 1952, demanded a cancellation and return of the purchase agreement, the promissory note and chattel mortgage for $9,069.02, and offered to return all things of value; that on March 17, 1952, plaintiff was the owner of the property described in the first cause of action; that defendants took it and refused to return it upon demand and refused to cancel or deliver up said agreement, note and mortgage. The third cause of action alleged certain transactions in respect to flooring of cars during the period plaintiff was in possession, and claimed defendants refused to account to plaintiff for money due plaintiff. The prayer of the complaint is: first, that the agreement be cancelled and that plaintiff have judgment for damages against defendants in the sum of $17,991.23; or, in his second cause of action, the note and mortgage be cancelled and defendants return all things of value received by them under the agreement or that plaintiff have judgment for their value in the sum of $17,569.82: and in the third cause of action that defendants account for all money paid and received under the purchase agreement and plaintiff have judgment against defendants for said amount found due.

Defendants answered and denied generally the allegations of the complaint and alleged the previous execution of an unrecorded mortgage to Logrecco in the sum of $5,000 on the property mortgaged to them; that Logrecco, previous to the recording of the instant mortgage, recorded his mortgage and subsequently filed an action to foreclose it; and that since plaintiff was guilty of such fraud he could not invoke the process of an equity court. By cross-complaint defendants alleged that between December 27, 1951, and March 17, 1952, they advanced plaintiff in excess of $20,000; that plaintiff agreed that he was unable to meet his obligations on the note and to meet other bills accumulated and voluntarily turned over said property to defendants to liquidate; that they did liquidate said assets after paying Logrecco and applied the balance of the proceeds to the credit of plaintiff; that after the application of such credit plaintiff still owed defendants $10,743.08. Judgment for this amount was sought.

Plaintiff, in answer to defendants' cross-complaint, denied generally these allegations and alleged that said mortgage given to defendants had never been foreclosed and no proper sale was held under its terms.

By minute order the trial court ordered that plaintiff have judgment against defendants for $2,860.75, and findings in favor of plaintiff were ordered. Plaintiff's counsel was to prepare the findings. The findings, as thus prepared and signed by the court, in effect find that the allegations of the second and third causes of action were true; that the allegations of defendants' cross-complaint were untrue except as otherwise indicated. It then specifically found that the note and chattel mortgage given to defendants by plaintiff were "secured"; that no action had been filed to foreclose them and no proper sale of the securities had been effected under its terms. It then concluded, from the facts found, that defendants were indebted to plaintiff in the sum of $2,860.75. The judgment, as entered, was that plaintiff recover said sum. No mention is made therein as to the validity of the sale of the mortgaged property. In effect, the court found there was a conversion, particularly as to the used cars, and that the note and mortgage given under the agreement were to be ineffective if a franchise was not obtained by plaintiff.

The finding that the property was still subject to sale under the provisions of said mortgage cannot be supported by the evidence. The agreement specifically provided that the purchase agreement was to be effective only if de-

fendant did secure the franchise. The liability under the note and mortgage was equally conditional and formed an integral part of that agreement. (Civ. Code § 1434; *Schwab* v. *Bridge*, 27 Cal.App. 204 [149 P. 603]; 33 Cal.Jur.2d p. 554, § 159.) The prayer of the complaint is that the note and chattel mortgage be cancelled and delivered up to plaintiff. No mention is made of this in the judgment. On the face of the pleadings it would appear that the judgment entered only had reference to the third cause of action in respect to an accounting.

Plaintiff appealed on the judgment roll alone, from that portion of the judgment denying him full relief as demanded. Defendants appealed from the judgment as entered. It is difficult to determine from the findings, conclusions of law and judgment the basis upon which the court actually entered the judgment, i.e., whether it included damages for conversion, whether cancellation of the instruments was ordered, whether a sale should be had under the terms of the mortgage, or whether the judgment entered was based solely on the third cause of action for an accounting.

█ It is fundamental that a judgment must conform to the findings. (*Cappelmann* v. *Young*, 73 Cal.App.2d 49 [165 P.2d 950]; *Harlow* v. *Motor Coach Co.*, 128 Cal.App. 487 [17 P.2d 748]; *Spindler* v. *Wittemann Co.*, 54 Cal.App. 207 [201 P. 604]; *San Francisco Credit Clearing House* v. *MacGowan*, 77 Cal.App. 308 [246 P. 347].)

█ Accordingly the entire judgment should be reversed and a proper disposition made of the issues presented and facts found.

Judgment reversed. Each party shall bear own costs on appeal.

Barnard, P. J., and Mussell, J., concurred.